Cletus Brinkerhoff, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued April 10, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*John B. Mancke,* with him *Barry J. Peffley, Mancke & Lightman,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Robert C. Bell,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, June 2, 1981:

Cletus Brinkerhoff has appealed from an order of the Court of Common Pleas of Cumberland County affirming the Department of Transportation's suspension of Brinkerhoff's motor vehicle operator's license pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b), for refusal to submit to a breathalyzer test. We affirm.

The testimony adduced before the court below supports the following findings of fact made by that court: On December 21, 1979, Brinkerhoff was arrested for driving under the influence of alcohol in violation of Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731. Brinkerhoff was taken to the Harrisburg Police Station and asked to submit to a breathalyzer test, to which he consented. The breathalyzer was checked for proper performance and Brinkerhoff was

instructed in its use. Brinkerhoff tried to blow into the appropriate breathalyzer tube between ten and fifteen times over a space of seven minutes, but he was unable to introduce sufficient air into the breathalyzer for it to analyze. Although Brinkerhoff testified that he was attempting in good faith to perform the test, the attending officers testified that Brinkerhoff appeared to be avoiding the test by not blowing into the tube as instructed. After Brinkerhoff's repeated failures, the officers consulted their superior, who told them to write up a refusal for Brinkerhoff, which they did. Upon receipt of an affidavit that Brinkerhoff had refused to submit to the breathalyzer test, the Department notified Brinkerhoff that his operator's license would be suspended for six months pursuant to Section 1547(b) of the Vehicle Code. The lower court, after a hearing, affirmed the Department's suspension.

In order to suspend a person's motor vehicle operator's license for refusal to submit to a breathalyzer test, the Department must prove that the driver was placed under arrest upon the charge of driving while intoxicated, that the driver was requested to submit to a breathalyzer test, and that the driver refused to do so. *Bureau of Traffic Safety v. Hanes*, 49 Pa. Commonwealth Ct. 407, 409, 411 A.2d 571, 572 (1980). There is no question in this case that the first two elements were satisfied. Brinkerhoff contends, however, that his failure to perform the breathalyzer test despite a good faith attempt does not constitute a refusal to submit to the test. We have rejected the position taken by Brinkerhoff in a case almost identical on the facts. *Bureau of Traffic Safety v. Jones*, 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978). In *Jones* the licensee testified that she "attempted to blow the best I could" and that she "attempted in good faith to blow into it." We held this evidence to be legally in-

sufficient to discharge the licensee's burden to produce evidence that she was physically unable to take the test. Proof by competent evidence in such a case requires supportive medical evidence of the defendant's incapacity. *See Bureau of Traffic Safety v. Hanes, supra; Bureau of Traffic Safety v. Kelly,* 18 Pa. Commonwealth Ct. 490, 335 A.2d 882 (1975).

Nor, obviously, do Brinkerhoff's age, 67, and the hour when the test was conducted, 5:00 A.M., provide sufficient proof of Brinkerhoff's incapacity to take the test, as he asserts.[1]

Order affirmed.

### ORDER

AND Now, this 2nd day of June, 1981, the order of the Court of Common Pleas of Cumberland County, No. 528 Civil 1980, is affirmed.

---

[1] Brinkerhoff also contends that after he failed to perform the breathalyzer test he offered to submit to a blood test, that he should have been given the requested blood test and that the officer's failure to take a blood test excuses his refusal to submit to the breathalyzer. This contention is without merit. First, there is no evidence in the record that Brinkerhoff offered to submit to a blood test after his failure to perform the breathalyzer test. Second, there is no requirement in the statute that a police officer offer a blood test to one who fails to supply enough air for a breathalyzer test. *See Bureau of Traffic Safety v. Hanes, supra.*