21858

Wallace Milton WHITE, Respondent, v. SOUTH CAROLINA DEPART-MENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.
(299 S. E. (2d) 852)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Richard D. Bybee* and *Harold M. Coombs, Jr.,* Columbia, *for appellant.*

*Ronnie M. Cole,* Anderson, *for respondent.*

Jan. 25, 1983.

LITTLEJOHN, Justice:

This appeal is from an Order of the Circuit Court reversing the decision of an administrative hearing officer of the South

Carolina Department of Highways and Public Transportation. The administrative hearing officer suspended the driving license of Respondent Wallace Milton White, as permitted by § 56-5-2950 of the *Code of Laws of South Carolina* (1976), for refusal to submit to a breathalyzer test. The hearing officer found that White refused to take the test. The Circuit Court concluded that he did not refuse to take the test but he was physically incapable of participating in the test by reason of emphysema. The Department has appealed, submitting that the circuit judge erred. We agree.

Respondent was arrested and charged with driving a motor vehicle while under the influence of intoxicating liquors or drugs in violation of § 56-5-2930.

The statute, referred to as the "implied consent law" (§ 56-5-2950), provides:

> Any person who operates a motor vehicle upon the public highways of this State shall be deemed to have given consent to a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of intoxicating liquor . . . .

The accused person is not required to take the test but his privilege to drive will be suspended if he refuses. After suspension, the licensee may request a hearing before an administrative officer. At the hearing, the issues are limited to: (1) whether the person was placed under arrest; (2) whether the person had been informed that he did not have to take the test but that the privilege to drive would be suspended or denied if he refused to submit to the test; and (3) whether he refused to submit to the test upon request of the officer.

Section 56-1-370 provides:

> Upon such review the Department shall either rescind its order of suspension, cancellation or revocation or, good cause appearing therefor, may continue, modify or extend the suspension, revocation or cancellation of such license.

Pursuant to White's request, a review was granted. The

hearing officer ruled that the Respondent refused to take the test and recommended that the suspension remain in force. The circuit judge, to whom Respondent appealed, viewed the facts differently and ordered the driving privilege reinstated. He also ruled that the "implied consent law" operated to deny due process to a person who is physically and medically unable to take a breathalyzer test.

The Department raises two issues upon appeal to this Court:

(1) Was it a correct application of South Carolina law for the Circuit Court to substitute its judgment for that of the Department's hearing officers as to the weight of the evidence on questions of fact?

(2) Does the implied consent law operate to deny due process of law to a person who is physically or medically unable to take a breathalyzer test?

Section 1-23-380, which provides for judicial review upon exhaustion of administrative remedies, is controlling. It sets out the scope of review for both the Circuit Court and this Court as follows:

> The court shall not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Affected by other error of law;
> (5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
>
> A review of the record reveals that the evidence is conflicting and susceptible of more than one reasonable inference. There being a conflict of evidence, some-

one must make a factual determination. This is the work of the administrative hearing officer and neither the Circuit Court nor this Court should reverse if there is substantial evidence to support the hearing officer's findings and conclusions.

We find the following in the hearing officer's report: ■ "Officer Brown stated Wallace Milton White put mouth piece in his mouth and that he (Brown) explained to him (Mr. White) to blow into the machine, his cheeks went out, but at no time did any breath air go into the breathalyzer machine for same to operate." . . . "Officer Gray stated on the date of arrest, October 15, 1978, enroute to the Abbeville Police Department, that Mr. White was very talkative, had no problems with his breathing."

On the other hand, Dr. Warren White, by way of deposition, stated that he had examined White about ten weeks after the arrest and found that he had mild emphysema. He did not know the amount of pressure necessary for a breather to operate a breathalyzer. He could not state that it was impossible for White to make the breathalyzer operate but in his opinion he was most probably unable to perform the test. The certificate of Dr. Campbell indicated that White" . . . has mild emphysema and has difficulty in breathing at times. He takes asthma medication at times." The certificate of Dr. Albert G. Oliver stated that White " . . . has been treated for emphysema and pain. The emphysema would interfere with breathing." Dr. L. P. Elam, Jr. certified that White " . . . is under my care and has emphysema which would prevent him from being able to blow enough air into machine to register."

There is nothing in the evidence to indicate that any of the examining medical doctors had prior knowledge or training in the operation of the breathalyzer, and the evidence, as a whole, was not persuasive of the conclusion that White was incapable of taking the test. The hearing officer was entitled to evaluate the testimony and weigh it against the testimony submitted by the law enforcement officers.

It is apparent that the circuit judge substituted his judgment for that of the hearing officer. We think there was substantial evidence to support the officer's finding and that the circuit judge erred in reversing the administrative order.

Having decided the first question adversely to Respondent White, it becomes unnecessary to address the second question submitted and we hereby, accordingly,

Reverse.

LEWIS, C.J., and NESS, GREGORY and HARWELL, JJ., concur.