Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* George Hudock, Appellee.

Submitted on briefs November 15, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Richard E. Santee, Jr., Sigmon & Ross, P.C.,* for appellee.

Opinion by Judge Doyle, March 15, 1983:

The Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Northampton County which reversed the Department's suspension of George R. Hudock's motor vehicle operator's license for refusing to submit to a breathalyzer test.[1] Following a thorough review of the record, we reverse the common pleas court.

On March 20, 1980, George Hudock (Appellee) was observed by Officer Donald Borger getting out of an automobile which had gone off the road and lay in an adjacent field. As the police officer approached the automobile, he noticed that a nearby traffic sign had been knocked down, a telephone pole had been scraped, and the right rear corner panel of Appellee's car was pushed in. Although he did not take any paint

---

[1] Section 1547(b) of the Vehcile Code, 75 Pa. C. S. §1547(b) provides that any person who is arrested for driving under the influence of alcohol and refuses a request to submit to a chemical test shall, upon notice to the Department, have their operating privileges suspended for a period of six months.

scrapings, the officer did find a piece of molding from Appellee's car laying in the road next to the telephone pole. As Appellee explained how his automobile had come to rest in the field, Officer Borger noticed the odor of alcohol on his breath. Appellee was then placed under arrest for driving under the influence of alcohol. Soon thereafter, Officer Robert Stuffet, who is qualified as a breathalyzer operator, arrived at the scene. When Appellee was asked if he had any medical problems, he responded in the negative. Appellee was then asked to take a breathalyzer test. He was advised that should he refuse, his license would be suspended for six months. Appellee agreed to take the test. Approximately three times Appellee placed the equipment to his mouth but failed to inflate the chambers. Each time, Appellee was warned concerning the consequences of refusal and given complete instructions. The test operator, Officer Stuffet, informed Appellee that his failure to fill the chambers would be considered a refusal. Subsequently, the Department was informed of Appellee's refusal to take the test, and thereafter issued a notice of a six-month suspension.

On appeal of the suspension before the court of common pleas, Appellee contended that his failure to inflate the breathalyzer was the result of a medical problem with his lungs. No other evidence in support of this statement was offered however. Appellee's testimony that he attempted but was unable to blow into the breathalyzer is legally insufficient to prove inability, absent other competent evidence that he was physically unable to take the test. *Department of Transportation, Bureau of Traffic Safety v. Medalis*, 24 Pa. Commonwealth Ct. 12, 354 A.2d 43 (1976). After the arresting officer had determined that Appellee's conduct constituted a refusal, Appel-

lee offered to take a blood test. The police, however, did not agree to a blood test because approximately an hour and a half had elapsed during the attempts to take the breathalyzer test, thereby making the validity of a blood test questionable. *See Department of Transportation, Bureau of Traffic Safety v. Wroblewski,* 65 Pa. Commonwealth Ct. 333, 442 A.2d 407 (1982). Since there is insufficient evidence to establish Appellee's physical inability to take the breathalyzer test, there was no obligation to offer a blood test. *Department of Transportation, Bureau of Traffic Safety v. Hanes,* 49 Pa. Commonwealth Ct. 407, 411 A.2d 571 (1980). Appellee's consent to a blood test does not negate his refusal to submit to the breathalyzer test. *Department of Transportation, Bureau of Traffic Safety v. Smith,* 6 Pa. Commonwealth Ct. 78, 293 A.2d 158 (1972). Therefore, we find that the trial court's conclusion that the Department failed to sustain the burden of proving Appellee's refusal was in error.

ORDER

Now, March 15, 1983, the order of the Court of Common Pleas of Northampton County in the above referenced matter, dated September 3, 1980 is hereby reversed.