WILDER, APPELLANT, *v.* McCULLION, REGISTRAR, BUREAU OF MOTOR VEHICLES, APPELLEE.

(No. 15496—Decided July 7, 1983.)

Ashtabula Municipal Court.

*Mr. William Kobelak,* for petitioner.
*Mr. Thomas J. Simon,* assistant prosecutor, for respondent.

OLSEN, J. The issue in this implied consent appeal has by agreement been limited to whether there was a refusal because of physical inability.

Petitioner-appellant, Doris L. Wilder, is a fifty-seven year old female who was apprehended for driving under the influence of alcohol on January 22, 1983, at about 6:45 p.m. She intended to take the intoxilyzer test and "blew real hard." However, after several attempts and repeated instructions, a sufficient volume sample of air to operate the machine properly was not obtained.

Appellant testified that she had fallen on the ice earlier in the day and it did not seem that she had hit her head. Her daughter testified that appellant was taken to the emergency room of the hospital on Monday, January 24, two days after her arrest. Tests were given and appellant was released. Appellant further testified that she could not run or go up and down stairs. On cross-examination she stated she was familiar with the machine as she "had blown [into it] ten years ago."

The State Highway Patrol trooper testified that the machine did not have a sufficient volume of air to stamp a reading although it did register on the digital display. The trooper expressed an opinion that appellant would not perform as directed and on cross-examination he testified that she was physically able to blow a sufficient sample of breath for a test.

The manner in which a breath sample is obtained can and does affect the test result. Thus, the breathing technique is essential to a fair test. See Jones, How Breathing Technique Can Influence the Results of Breath-Alcohol Analysis (1982), 22 Med. Sci. Law 275; 2 Drinking & Driving Law Letter (Jan. 14, 1983), No. 1, at page 3.

Whether there is a refusal to take the test is a factual issue to be determined by the trier of the facts. *State* v. *Morse* (1982), 211 Neb. 448, 318 N.W. 2d 893.

The appellant argues that she was physically impaired and therefore unable to give a proper sample. No evidence of physical disability is submitted except that she could not run or go up steps. No vital capacity test had ever been administered to appellant; the court notes that to reach the courtroom she did go up steps.

"It is well established law that where a defendant, when taking a breathalyzer test, does not exert a total conscious effort, and thereby fails to supply a sufficient breath sample, such is tantamount to a refusal to take the test, thus warranting the suspension of his motor vehicle operator's license." *In re Appeal of Budd* (Pa. Commw. 1982), 442 A. 2d 404, 406.

In an administrative procedure appeal, the appellant had produced medical testimony that he had mild emphysema ten weeks after arrest. The officer testified that appellant put the mouthpiece into his mouth and when he was told to blow, his cheeks went out but at no time did any breath air go into the breathalyzer machine. Appellant was talkative and exhibited no problems with his breathing. The court did not reverse the suspension. *White* v. *South Carolina Dept. of Highways* (1983), 299 S.E. 2d 852.

In *Spradling* v. *Deimeke* (Mo. 1975), 528 S.W. 2d 759, the court stated that the volitional failure to do what is necessary in order that the test can be performed is a refusal.

In *Beck* v. *Cox* (Utah 1979), 597 P. 2d 1335, it was held that a refusal to take a chemical test may be established on the basis of the conduct of the motorist if he has been asked to take the test.

It is well-established that voluntary intoxication is not a defense in a criminal case. In "implied consent" cases, certainly the inability to complete a test because of voluntary intoxication should not be a reason for reversing the decision of the Registrar of Motor Vehicles, even though the action of the registrar is a perfunctory suspension. Likewise, gamesmanship breath blowing should not justify the reversal of the registrar's suspension.

In this cause, the inference is of a physical disability. Certainly there are cases of an actual physical condition which impedes the furnishing of a breath sample. However, the mere statement of a person that he or she is unable to blow a sufficient quantity of air, standing alone, shall not be sufficient evidence to reverse an implied consent suspension.

In *Commonwealth of Pa. Dept. of Transportation* v. *Hudock* (Pa. Commw. 1983), 457 A. 2d 188, 190, the court stated: "Appellee's testimony that he attempted but was unable to blow into the breathalyzer is legally insufficient to prove inability, absent other competent evidence that he was physically unable to take the test."

The physical inability to give a breath sample should be viewed differently than a person who merely gives the appearance of attempting to give a sample. Likewise, the person who is so affected by the consumption of alcoholic beverages and/or drugs of abuse that a breath sample cannot be obtained should be viewed differently than a person with an actual physical disability. Because of these varying factors the implied consent suspension appeal requires a factual determination by a court to decide if there was a physical inability to produce a breath sample sufficient for testing.

As noted at Annotation, 88 A.L.R. 2d 1064, 1075, "refusal" differs and may be distinguished from "inability." Likewise it must be remembered these appeals are civil and administrative in nature, rather than criminal, and a burden of proof less than proof beyond a reasonable doubt is sufficient for a valid suspension of a driver's license. *Andrews* v. *Turner* (1977), 52 Ohio St. 2d 31, at 36 [6 O.O.3d 149].

Taking into consideration the evidence and the demeanor of the appellant upon the witness stand, the court denies the appeal and the action of the registrar is sustained.

*Judgment accordingly.*