James Peter BURKE,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C5–85–1518.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Steven J. Meshbesher, Meshbesher, Singer & Spence, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ.

## OPINION

LANSING, Judge.

Officer Stanley G. Jensen, a deputy with the Anoka County Sheriff's Office, was on duty at approximately 1:30 a.m. on April 10, 1985. He stopped respondent James Burke's car for speeding. After observing indicia of intoxication, Jensen arrested Burke for driving under the influence of alcohol. Burke agreed to take a breath test.

Officer David Keding, a correctional officer for the Anoka County Sheriff's Office and a certified Intoxilyzer operator, administered the Intoxilyzer test. He testified that he offered Burke three opportunities to blow into the machine, but that Burke did not blow with enough pressure to activate it. Burke said he was short of breath, possibly because he was a heavy smoker. Keding believed that Burke was merely feigning attempts to blow into the machine; Jensen, who was also present, noted in his report that Burke was unable to or would not blow an adequate sample into the machine. He considered Burke's failure to provide an adequate sample a refusal and revoked his driver's license under the implied consent statute. *See* Minn.Stat. § 169.123, subd. 4 (1984).

At the implied consent hearing Dr. William Davidson testified that Burke came to see him on June 13, 1985, because he was concerned about his progressive shortness of breath. After performing a number of tests, Dr. Davidson diagnosed the problem as a heart condition called mitral valve prolapse, in which a mitral leaflet pops backward during ventricular systole instead of opening and closing normally. The condition is associated with dizziness, shortness of breath, peculiar chest pains, and arrhythmia. Dr. Davidson said that nicotine, caffeine, adrenaline, and general anxiety tend to aggravate the condition and that someone with the syndrome could have trouble blowing a sample of deep lung air or even blowing at all.

Burke testified that his attempt to blow into the machine was genuine and that he tried as hard as he could. He recalled being short of breath. He said he had smoked four cigarettes in the squad car and one at the jail before attempting the test. He said he would have taken a blood test if it had been offered.

The trial court found that Burke was unable to give a proper sample, possibly because of his mitral valve prolapse. The court also found that the officers did not offer a blood or urine test to Burke. The trial court rescinded the revocation, and the Commissioner appeals.

## ISSUE

Did the trial court clearly err in finding that Burke was physically unable to provide a breath sample?

## ANALYSIS

Burke's failure to provide two separate adequate breath samples for the Intoxilyzer constitutes a refusal, *see* Minn. Stat. § 169.123, subd. 2b(c) (1984), unless the failure is due to physical inability, *see* Minn.R. 7502.0430, subpt. 1 (1985). If physical inability explains a failure, the driver must be offered an opportunity to take a blood or urine test. *See id.*

Where, as here, the driver raises the issue of physical inability to provide a sample, the trial court must make findings on that issue. In addition, the court must find whether the driver refused to provide a blood or urine sample. *Aunan v. Commissioner of Public Safety*, 361 N.W.2d 907, 909 (Minn.Ct.App.1985); *see also Carlson v. Commissioner of Public Safety*, 374 N.W.2d 791 (Minn.Ct.App.1985). Whether a person is physically unable to provide a breath sample is a question of fact. *Id.* The trial court's findings of fact will not be reversed unless clearly erroneous.

The Commissioner relies on Keding's opinion that Burke's attempts to provide a sample were not genuine. The record, however, contains sufficient evidence to support the trial court's contrary

factual finding. Officer Jensen wrote in his report that Burke was unable to or would not blow into the Intoxilyzer and testified that Burke offered his smoking as an explanation as to why he could not complete the test. Dr. Davidson offered a medical explanation, and Burke himself testified that although he was trying, he was short of breath and could not blow hard enough. The trial court's finding that Burke was physically unable to provide a breath sample was not clearly erroneous. The record is sufficient to sustain the reinstatement of Burke's license.

■ The Commissioner's brief advances the argument that the officers were not required to offer alternative testing because, as a matter of law, they did not have sufficient "specific facts" before them indicating Burke was unable to perform the test. The Commissioner did not raise this argument at trial. We will not consider arguments raised for the first time on appeal.

### DECISION

The trial court did not clearly err in finding that Burke was physically unable to provide a breath sample.

Affirmed.