748 P.2d 30

**STATE of New Mexico, DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Plaintiff–Appellant,**

v.

**Jesse ROMERO, Defendant–Appellee.**

**No. 9146.**

Court of Appeals of New Mexico.

Dec. 17, 1987.

Wanda Wilkinson, Staff Atty., Transp. Dept., Santa Fe, for plaintiff-appellant.

Wilbert E.A. Maes, Espanola, for defendant-appellee.

OPINION

BIVINS, Judge.

This appeal comes before this court for decision after the case was submitted to an advisory committee pursuant to an experimental plan. *See Boucher v. Foxworth–*

*Galbraith Lumber Co.*, 105 N.M. 442, 733 P.2d 1325 (Ct.App.1986). The committee unanimously recommended a decision reversing the district court. This court has considered the transcript and briefs, together with the opinion of the advisory committee. We adopt the opinion of the advisory committee, as modified.

The State of New Mexico, Transportation Department, Motor Vehicle Division (MVD), plaintiff-appellant, appeals from an order of the district court overturning MVD's decision to revoke the driver's license of defendant-appellee Jesse Romero. The issue on appeal is whether the district court erred in finding that no reasonable grounds existed for MVD's revocation of Romero's license to drive, based on the record of the administrative proceeding. Because we determine that reasonable grounds did exist in the record, we reverse.

**FACTS**

An Espanola police officer arrested Romero for driving while intoxicated. Probable cause for the arrest is not an issue. After arresting Romero, the officer explained the implied consent law and advised Romero that a failure to take the breath test could result in the revocation of his driver's license.

Romero attempted three times to blow up the balloon. He first blew up the balloon to approximately one and one-half inches, the size of a "dollar coin." The officer explained that the balloon had to be inflated twelve to fourteen inches in diameter for the test to be effective. Romero failed to blow up the balloon on the next two tries·and told the officer he could not fully inflate the balloon because of pain he felt from an injury he had received to his foot. After Romero failed on the third try, the officer stated that he would consider Romero's actions a refusal to take the test. The officer administered no other tests.

At the revocation hearing, Romero testified that he recently had a nerve between the bones in his foot surgically removed, and that his foot had been surgically broken and reset. He introduced into evidence a letter from his physician, Dr. Bell, that stated in relevant part: "It is possible that blowing on a balloon might cause pain in Jesse's feet having had surgery on them in the past 6 months, although the mechanism of such pain is unclear."

The MVD hearing officer concluded that the state had met its burden of establishing the statutory requirements for revocation of a driver's license and the state met the burden of proving that Romero refused to take the test without good cause. The hearing officer ordered a one-year revocation of Romero's driver's license.

Romero appealed the decision to the First Judicial District Court, which reversed the hearing officer's decision and reinstated Romero's driver's license. The district court found from the administrative record that Romero had undergone foot surgery; that he had notified the arresting officer of the surgery; the prior surgery inhibited Romero's efforts to blow up the balloon; Romero had attempted to blow up the balloon three times; and, despite the extenuating circumstances, the officer did not attempt to give Romero a blood-alcohol test. Central to the district court's decision was its conclusion that the state had failed to meet its burden of proof that Romero had refused to submit to the test. It also concluded that, in view of the circumstances, the officer should have made an effort to administer a blood-alcohol test.

**DISCUSSION**

In reviewing a hearing officer's decision to revoke a driver's license, the district court does not conduct a de novo review. On appeal, "it is for the [district] court to determine only whether reasonable grounds exist for revocation or denial of the person's license or privilege to drive * * * *" NMSA 1978, § 66–8–112(G) (Repl.Pamp.1987). Reasonable grounds include:

(1) the law enforcement officer must have had reasonable grounds to believe that the person was driving or in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor; (2) the person must have been under arrest; (3) the person must have *refused* to submit to a chemical test upon request of the law enforce-

ment officer[;] and (4) the law enforcement officer must have advised that the failure to submit to a test could result in revocation of his privilege to drive.

*State, Dep't of Motor Vehicles v. Gober*, 85 N.M. 457, 459, 513 P.2d 391, 393 (1973) (emphasis added).

■ The standard of review for appeals from administrative agencies is whether substantial evidence in the record as a whole supports the agency's decision. *In re Electrical Serv. in San Miguel County*, 102 N.M. 529, 697 P.2d 948 (1985); *Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.*, 101 N.M. 291, 681 P.2d 717 (1984). Substantial evidence is " 'such evidence as a reasonable mind might accept as adequate to support a conclusion.' " *New Mexico Human Servs. Dep't v. Garcia*, 94 N.M. 175, 177, 608 P.2d 151, 153 (1980) (quoting *Quinlan v. Bd. of Ed. of North Bergen Tp.*, 73 N.J.Super. 40, 46, 179 A.2d 161, 164 (1962)). "Substantial evidence in an administrative agency review requires whole record review, not a review limited to those findings most favorable to the agency order." *Groendyke Transp., Inc. v. New Mexico State Corp. Comm'n*, 101 N.M. 470, 477, 684 P.2d 1135, 1142 (1984).

■ Where a difference or conflict in the evidence exists, a court should not substitute its opinion for that of the administrative agency. *Public Serv. Co. of N.M. v. New Mexico Envtl. Improvement Bd.*, 89 N.M. 223, 549 P.2d 638 (Ct.App.1976). We presume the agency's determination is correct. *New Mexico Human Servs. Dep't v. Garcia.*

Substantial evidence supports the hearing officer's determination that Romero refused to submit to a breath test. In the instant case, the district court substituted its opinion for that of the hearing officer as to the findings of fact. In doing so, the district court erred.

The Implied Consent Act, NMSA 1978, Sections 66–8–105 to –112 (Repl.Pamp. 1987), "is intended to deter driving while intoxicated and to aid in discovering and removing the intoxicated driver from the highway." *McKay v. Davis*, 99 N.M. 29,

30, 653 P.2d 860, 861 (1982). "Any person who operates a motor vehicle within this state shall be deemed to have given consent * * * to chemical tests of his breath or blood, as determined by a law enforcement officer * * * * " § 66–8–107(A). "A test of blood or breath shall be administered at the discretion of a law enforcement officer having reasonable grounds to believe the person to have been driving a motor vehicle within this state while under the influence of intoxicating liquor or drug." § 66–8–107(B). The Implied Consent Act authorizes the revocation of a person's New Mexico driver's license for a period of one year for refusal to submit to a breath test. § 66–8–111(B).

■ Whether there is a refusal to submit to a breath test is a question of fact, not of law. *Burke v. Commissioner of Pub. Safety*, 381 N.W.2d 903 (Minn.App. 1986); *Zubik v. Commonwealth, Dep't of Transp., Bureau of Traffic Safety*, 93 Pa. Commw. 221, 500 A.2d 1288 (1985); *Commonwealth, Dep't of Transp., Bureau of Traffic Safety v. Dauer*, 52 Pa.Commw. 571, 416 A.2d 113 (1980). We have never decided what constitutes a "refusal" to submit to a chemical test as required by the Implied Consent Act. "Refusal," according to Black's Law Dictionary 1152 (5th ed. 1979), means, "[t]he declination of a request or demand, or the omission to comply with some requirement of law, as the result of a positive intention to disobey."

In reported decisions from other jurisdictions, a motorist's testimony that he attempted but was unable to blow air sufficiently for a breath test has been held insufficient, absent other competent evidence, to prove inability to take the test. *Commonwealth, Dep't of Transp., Bureau of Traffic Safety v. Hudock*, 72 Pa. Commw. 608, 457 A.2d 188 (1983); *Brinkerhoff v. Commonwealth, Dep't of Transp., Bureau of Traffic Safety*, 59 Pa. Commw. 419, 430 A.2d 338 (1981); *White v. South Carolina Dep't of Highways & Pub. Transp.*, 278 S.C. 603, 299 S.E.2d 852 (1983); *see also Pfeffer v. Department of Pub. Safety*, 136 Ga.App. 448, 221 S.E.2d

658 (1975); *Wilder v. McCullion,* 7 Ohio Misc.2d 6, 453 N.E.2d 1314 (1983). *See generally* Annotation, *Suspension or Revocation of Driver's License for Refusal to Take Sobriety Test,* 88 A.L.R.2d 1064 (1963 & Supp.1979).

Once the state has proved the elements of the motorist's refusal to submit to a chemical test, the burden is on the motorist to show his refusal was based upon an inability to comply. *See, e.g., Zubik v. Commonwealth, Dep't of Transp., Bureau of Traffic Safety,* and cases cited therein.

In this case, the record as a whole only shows that Romero claimed to be unable to blow up the balloon sufficiently to enable the arresting officer to complete the test. While this testimony is entitled to some weight, it is not supported by Dr. Bell's letter. That letter is not probative as to whether or not Romero was inhibited from blowing up the balloon. Also, nothing in the record indicates that Dr. Bell had prior knowledge or training in the operation of the test used by the arresting officer. Rules governing the admissibility of evidence before administrative agencies are often relaxed to expedite administrative procedure; rules relating to weight, applicability or materiality of evidence are not so limited. *Saenz v. New Mexico Dep't of Human Servs.,* 98 N.M. 805, 653 P.2d 181 (Ct.App.1982). The hearing officer was entitled to evaluate the testimony of Romero, as well as the letter of Dr. Bell, and weigh both against the testimony of the arresting officer. *See White v. South Carolina Dep't of Highways & Pub. Transp.* The record supports the hearing officer's conclusion that Romero refused to submit to a breath test. It is not the proper function of either this court or the district court to reweigh the evidence and to substitute its judgment for that of the hearing officer, so long as the agency decision is supported by the record. *Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.*

Romero also asks this court to approve the district court's decision that a blood test should have been offered. Our earlier holding that Romero refused to submit to a breath test is determinative of the issues in this case and, therefore, we need not reach this issue. *See* § 66–8–109; *State v. Myers,* 88 N.M. 16, 536 P.2d 280 (Ct.App. 1975).

## CONCLUSION

We, therefore, reverse the district court's decision and remand with instructions to reinstate the decision of the hearing officer. Mr. Romero shall pay the cost of the appeal.

IT IS SO ORDERED.

This court acknowledges the aid of attorneys Charles W. Daniels, Randi McGinn and William E. Snead in the preparation of this opinion. These attorneys constituted an advisory committee selected by the chief judge, and we express our gratitude to them for their voluntary service and the quality of their work.

ALARID and FRUMAN, JJ., concur.