(831 P.2d 970)
No. 67,436

JOANN M. CALL, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

Opinion filed May 15, 1992.

*James G. Keller*, of Kansas Department of Revenue, for appellant.

*Charles Gentry*, of Short, Gentry & Bishop, of Fort Scott, for appellee.

Before PIERRON, P.J., GERNON, J., and DONALD L. WHITE, District Judge Retired, assigned.

GERNON, J.: The Kansas Department of Revenue (Department) appeals a district court decision that Joann M. Call had failed a breath test, which decision reversed an administrative order finding she had refused the same breath test.

Call was stopped for speeding. The arresting officer detected the odor of alcohol and asked Call to submit to a preliminary breath test. Call agreed and attempted a test, but the device registered a test failure. The officer then administered additional field sobriety tests, which led him to conclude that Call was driving while under the influence. Call was arrested and transported to the police department.

At the police department, Call was given the implied consent notice as required by K.S.A. 8-1008(f)(1) and was allowed to contact her attorney. Law enforcement officers requested that Call submit to a breath test pursuant to K.S.A. 8-1001. Call's attorney advised her to take the breath test, and Call notified the officers that she would agree to do so. There is no question the testing equipment and the operator were properly certified and the testing procedures were in accordance with requirements set forth by the Kansas Department of Health and Environment (KDHE).

Call blew into the test equipment, producing a breath alcohol measure of .124%. However, the printout further indicated the sample furnished was deficient. Call tried again, but on the second attempt the machine indicated a deficient sample and registered a breath alcohol content (BAC) of .000%. The parties stipulated that Call would testify she blew into the machine as hard as she could.

It was further stipulated that an employee of KDHE, whose duties included certification of testing equipment and operators of testing equipment, would testify as to how the machine operates and what the various readings mean during the testing procedure.

Both sides also stipulated that, when the machine indicates a "deficient sample," it means the concentration of alcohol in the sample being delivered is still increasing and a deep lung sample has not been obtained. In addition, everyone stipulated that a person's correct and actual BAC would equal or exceed any amount registered in a deficient sample. Therefore, Call's actual BAC at the time of testing would have been equal to or greater than .124 grams of alcohol per 210 liters of breath.

At an administrative hearing, the hearing officer found Call had refused to submit to and complete the breath test. The hearing

officer ordered suspension of Call's driver's license for a period of one year.

Call appealed to the district court, arguing that she had not refused the test and that she had provided an adequate breath sample. She urged the court to find she had failed the test rather than refused the test. The difference, of course, is that, if the matter is treated as a first-time test failure rather than a test refusal, the period of license suspension is reduced from one year to 30 days. The district court agreed with Call, and the Department appealed.

K.S.A. 8-1014(a) provides that, "if a person refuses a [breath, blood, or urine] test [to determine if the individual is under the influence of alcohol or drugs or both, as authorized by K.S.A. 8-1001], the division, pursuant to K.S.A. 8-1002, and amendments thereto, shall suspend the person's driving privileges for one year." K.S.A. 8-1014(b)(1) provides that, if a person fails a test, on the first occurrence his or her driving privileges will be suspended for 30 days and restricted for an additional 60 days.

K.S.A. 8-1013(h) defines test failure as "a person's having results of a test administered pursuant to this act, other than a preliminary screening test, which show an alcohol concentration of .10 or greater in the person's blood or breath." K.S.A. 8-1013(i) defines a test refusal as "a person's failure to submit to or complete any test, other than a preliminary screening test, in accordance with this act." K.S.A. 8-1001(f)(2) provides: "Failure of a person to provide an adequate breath sample or samples as directed shall constitute a refusal unless the person shows that the failure was due to physical inability caused by a medical condition unrelated to any ingested alcohol or drugs."

The arresting officer certified that Call refused the test. Review by the district court and our review on appeal is, by statute, limited to only the four issues identified in K.S.A. 8-1002(h)(1). The only one of those reviewable issues raised on appeal is whether "the person refused to submit to and complete a test as requested by a law enforcement officer." K.S.A. 8-1002(h)(1)(D).

The statutes make it clear that failure to "complete" a test constitutes a test refusal, unless the failure is due to physical inability of a medical nature. K.S.A. 8-1013(i); K.S.A. 8-1001(f)(2).

Neither the statutes, nor any of the Kansas administrative regulations, however, attempt to define what a completed test is. Whether there is a refusal to submit to a breath test is a question of fact, not of law. See, *e.g.*, *Dept. of Transp., M.V.D. v. Romero*, 106 N.M. 657, 659, 748 P.2d 30 (Ct. App. 1987). The scope of appellate review is whether there is substantial competent evidence to support the findings of the court. *Sullivan v. Kansas Dept. of Revenue*, 15 Kan. App. 2d 705, 707, 815 P.2d 566 (1991).

The district court held that a test is "completed," as that term is used in K.S.A. 8-1013(i), when a sample is adequate and sufficient to determine whether the BAC of the subject exceeds .10%. The Department maintains a test is completed only when a sample sufficient for a true measurement of the subject's BAC has been provided. The Department seems to contend that proof of a deficient sample establishes a prima facie case of a refusal, unless the defendant can show either that the machinery was not working properly or that the failure was due to some physical inability caused by a medical condition unrelated to any ingested alcohol or drugs. See K.S.A. 8-1001(f)(2). Call has not alleged that the intoxilyzer was operating improperly, and she provided no evidence of any physical inability of a medical nature, other than her stipulation that she blew as hard as she could.

Courts of other jurisdictions have found that failure to provide a breath sample sufficient to complete the test being administered constitutes a refusal. In *Baker v. Colorado*, 42 Colo. App. 133, 593 P.2d 1384 (1979), the plaintiff, Baker, failed to cooperate in blowing up a balloon which was part of the testing device. After seven requests by the officer to keep trying, Baker filled the balloon about one-half full. The test report on the partially filled balloon estimated Baker's BAC at .228%. The court found Baker had refused the test and denied his appeal of his suspension, stating:

"Baker argues that because the state was, in fact, able to procure a reading of his blood alcohol content from the air in the balloon, the purpose of the implied consent statute was met, and that consequently, he had complied with the requirements of the statute as a matter of law. We do not agree. To accept this contention would be to thwart the purpose of the implied consent statute and overlook the principle that Baker had the burden of proving that he had complied with the statute, [citation omitted].
. . . .

"To hold that the requirements of the implied consent law are satisfied by partially taking a test would give the licensee the best of both worlds. He would escape any sanction under the implied consent law, and the sabotaged breath test would be suspect in a drunken driving prosecution on the basis, *inter alia*, that the breath sample contained insufficient air from the lungs and too much from the mouth. [Citation omitted.] . . .

"We hold that the law requires the taking of a test, not merely consenting to it and partially taking the test. 'Where the test fails for reasons attributable to petitioner it is proper to find no consent by him.' [Citation omitted.] A test that is sabotaged by the actions of the person tested is of the same legal effect as no test at all. Conduct constituting less than cooperation by the licensee in taking the test is tantamount to a refusal, or a revocation of prior consent, and provides a basis for imposition of the sanctions specified in the implied consent law." 42 Colo. App. at 135-36.

See *Jones v. MVD*, 90 Or. App. 143, 750 P.2d 1203 (1988).

The district court seems to have believed that any testing result of .10% or higher is a completed test because it would be adequate to prove intoxication under K.S.A. 8-1567. This ignores the fact that the implied consent law penalty for a testing refusal under K.S.A. 8-1014 is unrelated to the penalties imposed for a violation of K.S.A. 8-1567.

We find that failure to provide a deep lung breath sample required for testing by the intoxilyzer machine constitutes a test refusal, unless the person providing the sample can show that the failure was due to a physical inability caused by a medical condition unrelated to any ingested alcohol or drugs. See K.S.A. 8-1001(f)(2). The stipulated evidence showed that Call provided a deficient sample. Call's only evidence of her physical inability to complete the test was the stipulation that she would testify she blew as hard as she could. There is no medical evidence in the record showing Call's inability was of a medical nature.

"In reported decisions from other jurisdictions, a motorist's testimony that he attempted but was unable to blow air sufficiently for a breath test has been held insufficient, absent other competent evidence, to prove inability to take the test. *Commonwealth, Dep't of Transp., Bureau of Traffic Safety v. Hudock*, 72 Pa. Commw. 608, 457 A.2d 188 (1983); *Brinkerhoff v. Commonwealth, Dep't of Transp., Bureau of Traffic Safety*, 59 Pa. Commw. 419, 430 A.2d 338 (1981); *White v. South Carolina Dep't of Highways & Pub. Transp.*, 278 S.C. 603, 299 S.E.2d 852 (1983); *see also Pfeffer v. Department of Pub. Safety*, 136 Ga. App. 448, 221 S.E.2d 658 (1975); *Wilder v. McCullion*, 7 Ohio Misc. 2d 6, 453 N.E.2d 1314 (1983). *See generally* Annotation, *Suspension or Revocation of Driver's License for Refusal to*

*Take Sobriety Test*, 88 A.L.R.2d 1064 (1963 & Supp. 1979)." *Dept. of Transp.*, *M.V.D. v. Romero*, 106 N.M. at 659-60.

K.S.A. 8-1001(f)(2) places the burden on the motorist to show his or her refusal was based on a physical inability of a medical nature. Call's statements, standing alone, were insufficient to meet that burden.

The findings of the trial court were not supported by substantial competent evidence. We, therefore, reverse the district court's decision and remand with instructions to reinstate the decision of the hearing officer.

Reversed and remanded.