(99 P.3d 632)
No. 90,760

STATE OF KANSAS, *Appellee,* v. CURTIS JOHN HERRMAN, *Appellant.*

Opinion filed May 21, 2004.

· *Michael S. Holland II* and *Michael S. Holland,* of Russell, for appellant.

*Glenn R. Braun,* special prosecutor, of Glassman, Bird, Braun & Schwartz, L.L.P., and *Phill Kline,* attorney general, for appellee.

Before HILL, P.J., JOHNSON and MCANANY, JJ.

HILL, J.: In this case we are asked to determine whether a deficient breath sample can be admitted as "other competent evidence" in a prosecution under subsection (a)(1) of our DUI statute (K.S.A. 8-1567). An examination of the legislative history of the statute and the application of the legal maxim *expressio unius est exclusio alterius* (the inclusion of one thing implies the exclusion of another) leads us to conclude that such evidence is not admissible. Accordingly, we vacate Herrman's conviction for DUI.

The parties have tailored this case for appeal. Both sides agreed to the facts, and there is no need to repeat them. Herrman was stopped for driving a vehicle with a defective muffler. He was arrested for DUI and submitted to a breath test. The test result indicated a "deficient sample" (reading 0.119). Herrman waived a jury trial, and the entire matter was submitted to the district court on a motion in limine. If the trial court admitted as competent evidence the deficient breath sample, the parties agreed there was sufficient evidence to find Herrman guilty. If inadmissible, the parties agreed, there was insufficient evidence, and Herrman would be acquitted. The trial court convicted Herrman of driving under the influence of alcohol in violation of K.S.A. 8-1567(a)(1), suspended his sentence, and allowed him to post an appeal bond.

*RELEVANT POINTS OF LAW*

Herrman contends that a deficient sample breath test or a partial alcohol concentration test is not considered competent evidence in sustaining a conviction under K.S.A. 8-1567(a)(1). This is a question of statutory interpretation and a matter over which we have unlimited review. See *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

K.S.A. 8-1567(a) lists five ways someone can be convicted for driving under the influence:

"(1)   The alcohol concentration in the person's blood or breath as shown by any competent evidence, *including other competent evidence, as defined in paragraph (1) of subsection (f) of K.S.A. 8-1013*, and amendments thereto, is .08 or more;

"(2)   the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle, is .08 or more;

"(3)   under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

"(4)   under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

"(5)   under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." (Emphasis added.)

We must focus on subparagraph (1) of the statute since it was the basis of the charge against Herrman. It refers to K.S.A. 8-1013(f), a statute that defines "other competent evidence" as:

"(1) Alcohol concentration tests obtained from samples taken two hours or more after the operation or attempted operation of a vehicle; and (2) readings obtained from a partial alcohol concentration test on a breath testing machine."

In making this statutory interpretation, we naturally look first to the intent of the legislature, the prime rule of statutory construction. "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson*, 275 Kan. at 305. Ordinary words are to be given their ordinary meanings without adding something not readily found in the statute or eliminating that which is readily found therein. *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

Furthermore, an appellate court must consider all of the provisions of a statute *in pari materia* rather than in isolation, and these provisions must be reconciled, if possible, to make them consistent and harmonious. *State v. Brown*, 272 Kan. 843, 847, 35 P.3d 910 (2001). Also, statutes should be interpreted to avoid unreasonable results, as the presumption exists that the legislature does not intend to enact useless or meaningless legislation. *In re M.R.*, 272 Kan. 1335, 1342, 38 P.3d 694 (2002). We can also "look to historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested." *State v. Dickson*, 275 Kan. 683, 689, 69 P.3d 549 (2003).

## *LEGISLATIVE HISTORY*

K.S.A. 8-1567(a)(1) was amended in 1990 (L. 1990, ch. 44, sec. 6) to include the following language: "as shown by any competent evidence, including other competent evidence, as defined in paragraph (1) of subsection (f) of K.S.A. 8-1013, and amendments thereto." James Keller of the Kansas Department of Revenue, who testified before the House Committee on Transportation about this amendment, stated in his memorandum:

"The Department requests that '(1)' be placed after the wording 'subsection (f)' . . . of the bill to limit the reference to 'other competent evidence' in K.S.A.

8-1013 to only subsection (1) of that statute which refers to alcohol concentration tests obtained more than two hours after operation or attempted operation of a vehicle. This change would avoid possible problems with regard to partial test results under the implied consent law." Minutes of the House Committee on Transportation, February 6, 1990, attachment 3.

Also offering testimony about the amendment was Theresa Hodges, who is the section chief of the laboratory improvement program office of the Kansas Health and Environmental Laboratory. She elaborated upon her concerns over the implied consent law. She said:

"With this instrument [Intoxilyzer 5000], if a person does not provide a deep lung sample, the instrument will indicate the concentration of alcohol in the sample delivered, but will flag the result as 'Deficient sample—value printed is highest obtained.' Currently, this type of test result has been regarded as a refusal—the person did not complete the test.

". . . [W]e are concerned that by allowing a partial breath reading to be considered 'per se' evidence, it may jeopardize the ability to charge a person with a refusal if the test is not completed and the result is below .10 [then the legal limit]." Minutes of the House Committee on Transportation, February 6, 1990, attachment 4.

The refusal to take a breath test causes two actions by the State. First, it initiates a temporary suspension of the driver's license. And second, it allows the admission of the refusal into evidence against the driver at any ensuing trial stemming from the alleged DUI incident. K.S.A. 8-1001(f); *State v. Adee*, 241 Kan. 825, 830, 740 P.2d 611 (1987). In fact, this court upheld a ruling that where a driver actually blew into the machine but produced a deficient test sample, it constituted a refusal to take the test. See *Call v. Kansas Dept. of Revenue*, 17 Kan. App. 2d 79, Syl. ¶ 2, 831 P.2d 970, *rev. denied* 251 Kan. 937 (1992).

Herrman does not deny that while subsection (1) of K.S.A. 8-1567(a) specifically precludes evidence of partial alcohol concentration tests in order to sustain a conviction, it does not mention deficient breath tests. This is not fatal to his argument. In *State v. Maze*, 16 Kan. App. 2d 527, 533-34, 825 P.2d 1169 (1992), a deficient breath test was equated with a "partial alcohol concentration test," as used in K.S.A. 8-1013(f)(2).

We think this history suggests that deficient breath samples or partial alcohol concentration tests are not to be considered as other competent evidence to support a conviction under subsection (1) of K.S.A. 8-1567(a).

## INCLUSION/EXCLUSION MAXIM

The following maxim is important in resolving the issue raised in this case:

"The maxim *expressio unius est exclusio alterius, i.e.,* the inclusion of one thing implies the exclusion of another, may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention. [Citation omitted.] Under this rule, when legislative intent is in question, we can presume that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list. [Citation omitted.]" *In re Marriage of Killman,* 264 Kan. 33, 42, 955 P.2d 1228 (1998).

An application of this maxim to this statute leads us to the conclusion that the legislature wanted to limit the evidence in cases prosecuted under section (1) of K.S.A. 8-1567(a). The wording of this statute did not occur accidentally. Subsection (1) very carefully specifies paragraph (1) of subsection (f) of K.S.A. 8-1013 as "other competent evidence." If the legislature wanted to include all of subsection (f) of 8-1013, it would have said so. We think, then, that for prosecutions under subsection (1) of K.S.A. 8-1567(a), the intent of the legislature was to limit other competent evidence to *only* paragraph (1) of subsection (f) of K.S.A. 8-1013 and exclude all others. This interpretation is consistent with the concerns expressed about the operation of the implied consent law and the fact that a deficient sample would equate to a refusal. If the legislature wanted more evidence admitted, it would have included it.

We conclude that, based upon the charge, the stipulated facts, and the wording of the stipulation agreement, there is insufficient evidence to support Herrman's conviction.

Conviction vacated.