This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**HENRY DOMINGUEZ,**

    Appellant-Respondent,

v.                                       **NO. 29,833**

**STATE OF NEW MEXICO TAXATION and REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION,**

    Appellee-Petitioner.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Henry Dominguez
Pena Blanca, NM

Pro Se Respondent

Gary K. King, Attorney General
Julia Belles, Special Assistant Attorney General
Santa Fe, NM

for Petitioner

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

This case came before this Court when Petitioner, the New Mexico Taxation and Revenue Department, Motor Vehicle Division (MVD), filed a petition for writ of certiorari seeking review of the district court's order that reverses the administrative revocation of Respondent Dominguez's (Driver) driver's license. We granted the petition and proposed to affirm in our second notice. Driver filed a timely response agreeing with our proposed disposition, and MVD filed a timely memorandum in opposition. We remain unpersuaded by MVD's arguments and therefore affirm.

**BACKGROUND**

At issue is the revocation of Driver's license based on his refusal to provide a second breath sample. **[petition/1-2]** Driver was arrested for DWI and agreed to take a breath test. **[petition/2]** Driver provided a breath sample, and then the breath test machine's internal calibration check indicated that the machine was out of tolerance. **[petition/2]** Consequently, the arresting deputy called for a key operator to check the machine, the key operator did eventually fix the problem, but the process took about two hours. **[petition/3]** After the machine was fixed, the arresting deputy told Driver that he had only provided one sample and would have to submit an additional sample to avoid a revocation of his license based on refusal to submit to a breath test. **[petition/3]** Driver refused to provide an additional breath sample because he maintained that he had already provided two samples before the two-hour delay, and

because he did not want to provide another breath sample after the two-hour delay. **[blue clip/3; green clip/3; RP 4]**

The hearing officer determined that Driver had provided only one sample prior to the two-hour delay. **[RP 3]** The hearing officer revoked Driver's license based on his refusal to provide the second breath sample, concluding that the two-hour delay caused by mechanical problems between the first and second breath samples did not justify Driver's refusal to provide the second breath sample. **[RP 3-4]** Upon Driver's appeal to the district court, the judge ruled that Driver's refusal to provide a second breath sample did not constitute a "refusal" under the Implied Consent Act. **[RP 79]** In this regard, the district court ruled that "[t]he testing procedure . . . was contrary to [the] regulations . . . that require breath samples to be collected within fifteen minutes of each other." **[RP 79]**

We note that there is some ambiguity with regard to the interchangeability of the terms "breath test" and "breath sample." For this reason, we clarify that our analysis is premised on the understanding that Driver agreed to take a breath test, consisting of two samples; and that Driver provided one breath sample, but after a two-hour delay caused by mechanical problems, then refused to provide the second breath sample. **[RP 3, 79]**

**Discussion**

We acknowledge the holding in *State v. Vaughn*, 2005-NMCA-076, ¶ 41, 137 N.M. 674, 114 P.3d 354, which recognizes that it is "the [L]egislature's intent to require that DWI suspects provide two breath samples and that those who, *without reasonable justification*, provide one sample have failed to take the test" as required by the Implied Consent Act. (Emphasis added.) **[MIO 2]** We similarly acknowledge the holdings in *Fugere v. State, Taxation & Revenue Department*, 120 N.M. 29, 35, 897 P.2d 216, 222 (Ct. App. 1995) (providing that "a motorist cannot refuse to take a chemical test of breath or blood designated by law enforcement and as provided by statute merely because he believes such tests are unreliable") **[MIO 3, 4]** and *McKay v. Davis*, 99 N.M. 29, 30, 653 P.2d 860, 861 (1982) (holding that it is well-established that there is no right to refuse chemical testing under the Implied Consent Act). **[MIO 3]** However, MVD's reliance on these cases is misplaced. While a driver does not have the right to refuse to take a breath test just because the driver believes it is unreliable **[MIO 3]**, as we discuss below, a driver also is not required to submit a breath sample that is not authorized under the Implied Consent Act (ICA). Declining to submit an unauthorized sample cannot amount to a refusal upon which revocation can be based under the ICA.

Neither *Vaughn*, *Fugere*, nor *McKay* negates the underlying specific regulatory requirement, as relied upon by the district court, that unambiguously states that "[t]he

4

two breath samples shall be taken not more than 15 minutes apart." *See* 7.33.2.12(B)(1) NMAC. This applicable regulation provides no exception for delays caused by mechanical problems. Implicit in the requirement that the suspect submit two breath samples is the requirement that they be provided within fifteen minutes of each other. Thus, if mechanical malfunctions prevent this time-frame from being met, then a driver who consequently refuses to provide a second breath sample because of the failure to meet this time-frame has not violated the ICA. *See State, Dep't of Transp. v. Romero*, 106 N.M. 657, 659, 748 P.2d 30, 32 (Ct. App. 1987) (construing a refusal under the ICA to only include a "declination of a request or demand . . . to comply with *some requirement of law*" (emphasis added) (internal quotation marks and citation omitted)). In this regard, we are mindful of *Vaughn*'s statements that absent reasonable justification, two breath samples are required and recognition that "anything short of full and unequivocal consent is a refusal except in very limited circumstances." 2005-NMCA-076, ¶ 41. *Vaughn* provides that such limited circumstances would include, for example, "a situation where injury to mouth or lungs could prevent a suspect from providing a breath sample." *Id.* ¶ 40. As applied to the present circumstances, we similarly conclude that mechanical difficulties that preclude consent within the requisite fifteen-minute period provide reasonable justification for Driver submitting only one breath sample.

We lastly remain unpersuaded by MVD's argument that reliance on the fifteen-minute regulation places an unfair burden on the police in the event of a malfunctioning machine. As noted by the district court, "other alternatives, including other breath testing machines in the County and the option of a blood test were available to obtain compliance with the Implied Consent Act." **[RP 79]** Nonetheless, even if such alternatives were not feasible **[MIO 3]**, as acknowledged in *Vaughn*, *id.* ¶ 38, while the Legislature intended that two breath samples be collected, if only one can be obtained, the test is still valid. As discussed above, in the event mechanical difficulties precluded compliance with the fifteen-minute requirement, then one breath sample would have been sufficient for pursuing criminal administrative revocation of Driver's license, assuming of course that his sample showed he was intoxicated. In short, we continue to disagree with MVD's contention that Driver's license should have been revoked based on refusing to provide a second sample. As noted above, a refusal occurs when a driver declines to comply with some requirement of law. *See Romero*, 106 N.M. at 659, 748 P.2d at 32. There is no requirement that a driver provide a second sample two hours after the first sample. Driver was only required to submit two samples within fifteen minutes. *See* 7.33.2.12(B)(1) NMAC. Having failed to give Driver the opportunity to comply with this requirement, we agree with the district court that MVD cannot revoke Driver's license for refusing to submit a

6

breath sample that was not mandated by law.

**CONCLUSION**

Based on the foregoing discussion, we affirm.

**IT IS SO ORDERED**.

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**