Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Robert Eugene Dauer, Appellee.

572

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, *Gerald Gornish,* Acting Attorney General and *Edward G. Biester, Jr.,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, JR., July 8, 1980:

The Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Elk County reversing the Department's suspension of the motor vehicle operator's license of appellee pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C.S. §1547(b), for refusing to submit to a breathalyzer test.

In order for a suspension for refusal to submit to a chemical test of breath or blood to be sustained, the Department must prove that a driver was placed under arrest upon the charge of driving while intoxicated, was requested to submit to a breathalyzer test, and refused to do so. *Department of Transportation, Bureau of Traffic Safety v. Hanes*, 49 Pa. Commonwealth Ct. 407, 411 A.2d 571 (1980). In the instant case the parties stipulated to the first two elements to the lower court. The question of whether appellee was capable of making a conscious, knowing refusal to the request was before the court below.

At the hearing before the court of common pleas the officer who charged appellee with driving under the influence testified that when he asked appellee at the scene of the accident if he was all right, if he had hit his head, or if he was injured in any way, appellee answered no. According to the officer, at the police station he asked appellee to take the breathalyzer test, and appellee requested a phone call to his attorney. Unable to contact his attorney, appellee insisted that he speak with the chief of police; he did so on the phone. Afterwards the officer asked appellee four or five times to take the breathalyzer test. Appellee stated that he would not take the test without his attorney. Appellee testified that he had very little recollection of the entire evening's events, that he had banged his head rather hard on the roof of his truck that night, and that he had no recollection of seeing a

breathalyzer instrument. In sustaining the appeal from the suspension order, the court below found that appellee suffered a severe blow to his head as a result of the accident and that this injury impaired appellee's memory and understanding and rendered his refusal to take the breathalyzer test unknowing.

Our scope of review of a lower court's reversal of a license suspension pursuant to Section 1547(b) is limited to whether the lower court's findings were supported by competent evidence, errors of law were committed, or the decision constituted a manifest abuse of discretion. *See Department of Transportation, Bureau of Traffic Safety v. Schultz*, 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). The refusal to submit to a breathalyzer test is a factual, not a legal, determination. *Department of Transportation, Bureau of Traffic Safety v. Jones*, 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978). After the Department has proven that a driver did in fact refuse to submit to a breathalyzer test, the burden shifts to the driver to prove by competent evidence that he was physically unable to take the test or incapable of a conscious and knowing refusal. *Department of Transportation v. Bailey*, 36 Pa. Commonwealth Ct. 643, 388 A.2d 1133 (1978).

After a review of the record in the instant case, we must conclude that the evidence presented does not support the conclusion that any blow to appellee's head rendered appellee incapable of making conscious, knowing decisions. As in *Commonwealth v. Passarella*, 7 Pa. Commonwealth Ct. 584, 300 A.2d 844 (1973), no medical testimony as to whether appellee suffered a concussion or as to what effects a severe blow to appellee's head would have had on him was introduced. We note that a driver's simple declaration that he is physically unable to perform a chemical test, without supportive medical proof of his incapacity, will not

justify a refusal.[1]  *Hanes, supra; Department of Transportation, Bureau of Traffic Safety v. Kelly,* 18 Pa. Commonwealth Ct. 490, 335 A.2d 882 (1975).

Accordingly, we will enter the following

### ORDER

AND NOW, July 8, 1980, the order of the Court of Common Pleas of Elk County, docketed at Civil Action—Law No. 77-1102, dated February 27, 1979, sustaining the appeal of Robert E. Dauer, is reversed, and the suspension entered by the Department of Transportation is reinstated.

---

[1] In his petition to the Court of Common Pleas from the order of the Department of Transportation suspending his operator's license, appellee stated in paragraph 3, "Your petitioner refused to submit to such a test [breathalyzer]." In paragraph 5 he asserts he refused the test "for reason [sic] that the apparatus to be used to measure your petitioner's alcoholic content did not comply with the laws, rules and regulations of the Commonwealth of Pennsylvania." The petition was signed and sworn to by appellee.

At the hearing appellee's attorney was about to stipulate that appellee refused the test but appellee then told him he did not remember. The attorney stated it was his error—"I thought otherwise."