## Commonwealth v. Giltinan

*Maurice Levin*, for Commonwealth.
*Joshua Briskin*, for petitioner.

SMILLIE, *J.*, September 18, 1980 — The Department of Transportation (department) suspended William Giltinan's license pursuant to section 1547(b) of the Vehicle Code, 75 Pa.C.S.A. §1547(b), for refusal to submit to a breathalyzer test following his arrest for driving under the influence of intoxicating liquor.

Giltinan has appealed the court's order upholding the suspension of his motor vehicle operator's license, necessitating the opinion herewith.

"In order for a suspension for refusal to submit to a chemical test of breath or blood to be sustained,

the Department must prove that a driver was placed under arrest upon the charge of driving while intoxicated, was requested to submit to a breathalyzer test, and refused to do so": Com., Dept. of Transp., Bureau of Traffic Safety v. Dauer, 52 Pa. Commonwealth Ct. 571, 416 A. 2d 113, 114 (1980). Additionally, the operator must be informed that if he refuses the breathalyzer test his license will be suspended: Grabish v. Com., 50 Pa. Commonwealth Ct. 246, 413 A. 2d 431 (1980); Peppelman v. Com., 44 Pa. Commonwealth Ct. 262, 403 A. 2d 1038 (1979).

On April 2, 1979, appellant was arrested for driving while intoxicated. Before his arrest, appellant was driving northbound on the Roosevelt Boulevard in Philadelphia, weaving from side to side, crossing the center lanes and not giving proper signal. His car brushed the center divider. The arresting officer, who was following appellant's car, stopped appellant and found him to be under the influence of alcohol. Appellant had watery eyes and a strong odor of alcohol on his breath.

Upon being placed under arrest, petitioner was transported to the police station and taken to the breathalyzer machine by the police officer in charge of administering the breathalyzer examination. Appellant was asked to take a breathalyzer test and was informed that his refusal to take the test would result in a suspension of his license. Appellant refused to take the test.

Appellant asserts it was error for the court to find that he willfully, knowingly and consciously refused to submit to a breathalyzer test.

The police surgeon, called by defendant, was with appellant on two occasions on the evening in question but was uncertain whether he spoke with him prior to his refusal to take the breathalyzer test.

Appellant appeared apprehensive and upset and complained that he had chest distress and a known heart condition. The doctor advised appellant that if appellant felt so distressed and if it would add to his anxiety and discomfort then, on a medical basis, it might be wise for him not to take the test. At no time, however, did the police surgeon suggest to anyone that a breathalyzer test should not be administered, nor did the evidence support the conclusion that appellant was physically unable to take the test or incapable of a conscious and knowing refusal.

The refusal to submit to a breathalyzer test is a factual, not a legal determination, and it is the function of the lower court to decide on the credibility of the witnesses and reconcile conflicts in the evidence: Spirer v. Com., 52 Commonwealth Ct. 381, 416 A. 2d 587 (1980); Com., Dept. of Transp., Bureau of Traffic Safety v. Dauer, supra; Cohen v. Commonwealth, 51 Commonwealth Ct. 347, 414 A. 2d 740 (1980). Furthermore, anything substantially short of an unqualified, unequivocal assent to an officer's request to an arrested motorist to take the chemical test is a refusal: Wilson v. Commonwealth, no. 996 C.D. 1977, Opinion by J. Crumlish, P.J., filed August 4, 1980; Com., Dept. of Transp., Bureau of Traffic Safety v. Herman, 49 Commonwealth Ct. 201, 410 A. 2d 1296 (1980); Com., Dept. of Transp., Bureau of Traffic Safety v. Pedick, 44 Commonwealth Ct. 44, 403 A. 2d 181 (1979).

Petitioner refused to submit to a breathalyzer test and he has failed to prove that he was physically unable to take the test or incapable of a conscious and knowing refusal.

The Department of Transportation faithfully observed the provisions of Vehicle Code Section 1547, 75 Pa.C.S.A. §1547, by suspending petitioner's

operator's license for six months. The evidence provided at the hearing was sufficient to sustain the Commonwealth's burden of proof and warranted the dismissal of defendant's appeal. Appellant's license was properly suspended.