Charles Zubik, Jr., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs October 8, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

Kim William Riester, for appellant.

Harold H. Cramer, Assistant Counsel, with him, Spencer A. Manthorpe, Chief Counsel, and Jay C. Waldman, General Counsel, for appellee.

OPINION BY JUDGE COLINS, November 27, 1985:

Charles Zubik, Jr. (appellant) appeals from an order of the Court of Common Pleas of Allegheny County[1] dismissing his appeal from the Department of

---

[1] No. SA 797 Statutory Appeal Docket 1982, filed July 13, 1983 (PAPADAKOS, J.).

Transportation's (DOT) six-month suspension of his motor vehicle operator's license for refusal to submit to a breathalyzer test as required under Section 1547 (b)(1) of the Vehicle Code.[2]

DOT's burden of proof at the Common Pleas Court hearing was to show that the appellant (1) was placed under arrest for driving while under the influence of alcohol, and the arresting officer had reasonable grounds to believe the driver was intoxicated; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was warned that his license would be suspended if he refused to take the test. *Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct. 22, 26, 420 A.2d 13, 15 (1980). *Accord, Department of Transportation, Bureau of Traffic Safety v. Ferrara,* 89 Pa. Commonwealth Ct. 549, 552, 493 A.2d 154, 156 (1985).

Appellant argues first that the arresting officer failed to warn him that his operating privilege would be suspended or revoked as required by 75 Pa. C. S. §1547(b)(2). Counsel for appellant contends that the disjunctive wording, *e.g.* suspended *or* revoked," of the statute prior to the 1982 amendments required the arresting officer to issue an "either . . . or" warning to appellant that his license would either be suspended or revoked upon refusal to take a breathalyzer test.[3]

The arresting officer testified at the hearing below that appellant's operating privileges "would be suspended if he doesn't [sic] take the test." This

[2] 75 Pa. C. S. §1547(b)(1).

[3] 75 Pa. C. S. §1547(b)(2). At the time of appellant's arrest, October 14, 1982, the statute stated, "It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended or revoked upon refusal to submit to a chemical test." The statute was amended on December 15, 1982, effective January 15, 1983; the phrase "or revoked" was deleted so that the disjunctive wording no longer appears.

was a sufficient warning to satisfy 75 Pa. C. S. §1547 (b)(2) as it was written and judicially construed in 1982. So long as the idea of certainty of loss of license was communicated to appellant, the discussion of putative outcomes such as suspension or revocation is irrelevant to the satisfaction of the statute. *See Everhart; In Re Harper*, 57 Pa. Commonwealth Ct. 89, 426 A.2d 196 (1981); *Moran v. Commonwealth*, 44 Pa. Commonwealth Ct. 105, 403 A.2d 637 (1979).

Appellant's second argument is that he did not make a knowing and conscious refusal of the test. He argues that he was in physical pain from a blow to his side which rendered him unable to understand the officer's requests regarding chemical testing. Appellant further contends that the standard of knowing and intelligent waiver be borrowed from the settings of *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Commonwealth v. Bussey*, 486 Pa. 221, 404 A.2d 1309 (1979), and applied to the case of a refusal to take a sobriety test.

Appellant is wrong to cite *Miranda* and *Bussey* because an adverse inference may be drawn from his silence in an administrative proceeding such as the instant one.[4] The test of knowing and conscious re-

---

[4] *Caloric Corp. v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 152, 452 A.2d 907 (1982). The United States Supreme Court has consistently held that compulsory sobriety tests do not implicate the Fifth Amendment privilege against self-incrimination. *See Schmerber v. California*, 384 U.S. 757 (1966); *South Dakota v. Neville*, 459 U.S. 553 (1983). The majority of states have not founded a Fifth Amendment privilege on independent state grounds. *Compare Coleman v. Alaska*, 658 P.2d 1365 (Alaska Ct. App. 1983) (citing California, Iowa, New York, Oregon and Pennsylvania), *and State v. Jackson*, 195 Mont. 185, 637 P.2d 1 (1981), *vacated and remanded*, 460 U.S. 1030 (1983), *appeal on remand*, Mont. ; 672 P.2d 255 (1983) (on remand, Supreme Court of Montana reversing earlier judgment in light of *Neville* for

fusal is far less stringent than the *Miranda* waiver.[5] "A driver's refusal to take a breathalyzer test mandates suspension of his operator's license under Section 1547 of the Vehicle Code, 75 Pa C. S. §1547, and we have consistently defined a refusal as anything substantially short of an unqualified unequivocal assent to an officer's request to the arrested motorist." *Department of Transportation, Bureau of Traffic Safety v. Tillitt,* 49 Pa. Commonwealth Ct. 343, 346, 411 A.2d 276, 277 (1980) (emphasis deleted).

Once the Commonwealth had proved the elements of refusal, the burden was on the appellant to show his refusal was not knowing and conscious, and that question was one of fact for the court below. *In Re*

---

want of an independent state ground) *with State v. Andrews,* 297 Minn. 260, 212 N.W. 2d 863 (1973), *cert. denied,* 419 U.S. 881 (1974) (citing independent state grounds) *and State v. Neville, appeal on remand,* 346 N.W. 2d 425 (S.D. 1984) (reaffirming in part on independent state grounds). *See* Crump, *Admission of Chemical Test Refusals After South Dakota v. Neville: Drunk Drivers Can't Take the Fifth,* 59 N.D.L. Rev. 349 (1983). *See also Commonwealth v. Mikulan,* 504 Pa. 244, 470 A.2d 1339 (1983) ; *Department of Transportation, Bureau of Traffic Safety v. Korchak,* 506 Pa. 52, 483 A.2d 1360 (1984). This Court has held that a suspected drunk driver who happens to be Mirandized for other alleged crimes has no additional right to refuse a breathalyzer test or to have counsel present during its administration. *King v. Department of Transportation, Bureau of Traffic Safety,* 81 Pa. Commonwealth Ct. 177, 472 A.2d 1196 (1984).

[5] In a *Miranda* situation, the Commonwealth is required to prove a knowing and *intelligent* waiver of rights occurred. *See Bussey.* Here, the *appellant* has the burden of proving he was incapable of making a knowing and *conscious* refusal to take the test. *In Re Capozzoli,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981). The distinction between intelligent and conscious refusal is particularly apt in drunk driving cases, where the refusing party is often conscious but not reasoning in an intelligent manner due to inebriation. This will not excuse him. *Walthours v. Department of Transportation, Bureau of Traffic Safety,* 74 Pa. Commonwealth Ct. 53, 458 A.2d 1066 (1983).

*Capozzoli,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981). As the trial court found, no medical evidence of an inability to take the test or to understand the consequences of refusal was presented as required by *Brinkerhoff v. Department of Transportation, Bureau of Traffic Safety,* 59 Pa. Commonwealth Ct. 419, 430 A.2d 338 (1981).

Regarding the burden of proving a lack of knowing and conscious refusal, appellant's argument is similar to one rejected in *Department of Transportation, Bureau of Traffic Safety v. Dauer,* 52 Pa. Commonwealth Ct. 571, 416 A.2d 113 (1980). In *Dauer,* the appellant claimed he had banged his head on the roof of his truck and thereafter was physically incapable of refusing or assenting to a breathalyzer test. In this case, appellant argues that during his arrest, he received a blow to the side which aggravated a pre-existing medical condition, nullifying or seriously compromising his power to refuse or assent to a breathalyzer test. He testified he had endured open-heart surgery and the partial removal of a lung more than ten years prior to the incident in question, but presented no medical testimony or records to substantiate either this claim or the claimed effects of the surgery and the blow to his side on his ability to reason properly. In *Dauer,* this Court stated:

The refusal to submit to a breathalyzer test is a factual, not a legal determination. . . . After the Department has proven that a driver did in fact refuse to submit to a breathalyzer test, the burden shifts to the driver to prove by competent evidence that he was physically unable to take the test or incapable of a conscious and knowing refusal. . . . [A] driver's simple declaration that he is physically unable to perform a chemical test, without supportive

medical proof of his incapacity, will not justify a refusal.

*Id.* at 574-75, 416 A.2d at 114-115 (citations omitted). Under *Dauer,* appellant's failure to present medical testimony was enough to justify a factual finding that the refusal was conscious and knowing.

Because the officer's warning was adequate and because appellant failed his burden of proof to show his refusal was not conscious and knowing, the dismissal of appeal is affirmed.

## ORDER

AND Now, this 27th day of November, 1985, the order of the Court of Common Pleas of Allegheny County, No. SA 797, Statutory Appeal Docket 1982, filed July 13, 1983, is affirmed.