586 A.2d 483

**John Patrick FITZGERALD, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 23, 1990.

Decided Jan. 24, 1991.

Charles J. Porter, Pittsburgh, for appellant.

William A. Kuhar, Jr., Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel, in Charge of Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Pittsburgh, for appellee.

Before DOYLE and BYER, JJ., BARRY, Senior Judge.

BARRY, Senior Judge.

John Patrick Fitzgerald appeals an order of the Court of Common Pleas of Allegheny County which dismissed his appeal and affirmed a one year suspension of his operator's license by the Department of Transportation (DOT) pursuant to 75 Pa.C.S. § 1547 (refusing to submit to chemical testing). We affirm.

The appellant was involved in an automobile accident. A local police officer was called to investigate. Appellant admitted to the officer that he was drunk. The officer observed that he had a strong odor of alcohol on his breath and was slurring his words. The officer took the appellant to a nearby hospital where appellant refused to sign a consent form for a blood test; he did, however, provide a urine sample. He continued to refuse a blood test. The officer then took him back to the police station along with the urine sample which would be sent to the county laboratory for testing. While at the police station, the appellant destroyed the bottle containing his urine sample before it had been sent to the county lab.

DOT notified appellant that it was suspending his license for refusing chemical testing. The appellant filed an appeal of the suspension with the common pleas court. At the hearing, the only testimony offered was that of the officer who testified to the incident as described above. The appellant did not seriously dispute the officer's testimony. His defense, rather, was based upon the argument that first, the officer did not have reasonable grounds for seeking a blood test after the urine sample had been provided; he also argued that the destruction of the bottle containing his urine was not a "refusal" of a required test. The trial court agreed that the officer could not ask for a blood test after the appellant provided a urine sample. The court held, however, that the destruction of that urine sample constituted a refusal. This appeal followed.

■ This appeal involves only one question. Was the appellant's destruction of his own urine sample a refusal under 75 Pa.C.S. § 1547? We agree with the trial court that such conduct is a refusal.

It is well settled that whether conduct as found by the trial court constitutes a refusal is a question of law. *Department of Transportation, Bureau of Driver Licensing v. Bender*, 107 Pa.Commonwealth Ct. 475, 529 A.2d 44 (1987), *reversed on other grounds*, 522 Pa. 104, 560 A.2d 123 (1989). The appellant first argues that there is no evidence that he knew his urine sample had yet to be tested. The officer testified that the destruction occurred as he was completing the paperwork in order to submit the sample to the county lab for the testing. It is true that this record contains no evidence of appellant's knowledge in this regard but we do not believe such evidence is necessary. We have defined a refusal as "anything substantially less than an unqualified, unequivocal assent to [the] test ..." *Department of Transportation, Bureau of Traffic Safety v. Mumma*, 79 Pa.Commonwealth Ct. 108, 111, 468 A.2d 891, 892 (1983). We are certain that if appellant had the knowledge that the testing had yet to be done, destruction of the sample would constitute a refusal. It may well be true that destruction of a urine sample after the testing has been completed might not constitute a refusal, but we need not decide that question as it is not before us. We do believe that the willful destruction of the sample where the testing has not been done *even where the motorist is not aware of that fact* is substantially less than an unqualified, unequivocal assent.

■ The appellant also argues that his actions in destroying the sample cannot constitute a refusal because such destruction constitutes a crime under Section 4910 of the Crimes Code, which makes it a misdemeanor of the second degree to destroy physical evidence under certain circumstances. 18 Pa.C.S. § 4910. We need not decide whether appellant's conduct falls within this provision of the Crimes Code for it does not matter to our present analysis. A

license suspension case is a *civil* proceeding. The appellant cites no authority, nor are we aware of any, that the existence of a criminal sanction precludes the imposition of a separate civil sanction based upon the same conduct.

Based upon all of the foregoing, we agree with the trial court that the appellant's conduct in this case, as a matter of law, constituted a refusal to submit to chemical testing. Accordingly, we must affirm the court's order dismissing the appellant's appeal and affirming the one year suspension imposed by DOT.

## ORDER

NOW, January 24, 1991, the order of the Court of Common Pleas of Allegheny County, dated June 30, 1989, at Civil Division No. S.A. 664 of 1989, is affirmed.