593 A.2d 932

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Joseph H. KILRAIN, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1991.

Decided June 18, 1991.

Petition for Allowance of Appeal Denied Nov. 8, 1991.

Timothy P. Wile, Asst. Counsel, for appellant.

James A. Gillin, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

PALLADINO, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Delaware County (trial court) which reversed DOT's suspension of Joseph Kilrain's (Licensee) driver's license. We reverse and reinstate the suspension.

The undisputed facts are as follows. A Haverford Township police officer (Officer) stopped Licensee after observing him operate his vehicle in a haphazard manner. Officer noticed that Licensee was unsteady on his feet, his breath smelled of alcohol and his speech was slurred. Officer requested that Licensee perform field sobriety tests, which he attempted but failed. Licensee was arrested and taken to the police department for the administration of a breathalyzer test. Officer informed Licensee that his driver's license would be suspended for one year if he refused to take the test. Licensee agreed to take the test.

After being instructed how to perform the breath test, Licensee completed one adequate breath sample which registered as .21. On his second attempt, Licensee did not supply an adequate amount of breath to register a result on the breathalyzer. Licensee made five attempts to complete a second breathalyzer test and failed. Police reported to DOT that Licensee's failure to provide a sufficient breath sample constituted a refusal. DOT suspended Licensee's driver's license for one year pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547 (implied consent law).

Licensee appealed to the trial court, asserting that he made a good faith effort to complete the test. Licensee offered no explanation or defense for his failure to complete the breathalyzer test. Trial court reversed the suspension

holding that Licensee made a "good faith" effort and therefore DOT did not meet its burden of proving that Licensee had refused to submit to the breathalyzer test.

■ On appeal to this court,[1] DOT raises the following issue: whether Licensee's failure to provide a sufficient breath sample to obtain a valid breathalyzer reading constitutes a refusal.

■ In cases involving the suspension of a driver's license for refusal to submit to chemical testing, DOT must prove: 1) that the licensee was placed under arrest for driving under the influence; 2) that he was requested to submit to chemical testing; 3) that he was informed that a refusal to submit to such testing would result in a suspension of his operating privileges; and 4) that the licensee refused to submit to the test. *Department of Transportation, Bureau of Driver Licensing v. Pestock*, 136 Pa.Commonwealth Ct. 694, 136 Pa.Cmwlth. 694, 584 A.2d 1075 (1990). Whether conduct as found by the trial court constitutes a refusal is a question of law. *Fitzgerald v. Commonwealth of Pennsylvania*, 137 Pa. Commonwealth Ct. 359, 586 A.2d 483 (1991).

In the case before us, there is no dispute that DOT met the first three criteria set forth above. The pivotal issue in this case is whether failure to provide an adequate breath sample constitutes a per se refusal, and whether a "good faith" effort satisfies the mandate of section 1547.

Section 1547 states in part as follows:

(a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcohol-

---

1. Our scope of review is limited to a determination of whether the trial court's findings of fact are supported by competent evidence, errors of law have been committed and whether the trial court's decision demonstrates a manifest abuse of discretion. *Books v. Department of Transportation, Bureau of Driver Licensing*, 109 Pa.Commonwealth Ct. 25, 530 A.2d 972 (1987).

ic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(b) Suspension for refusal.–

(1) *If any person placed under arrest for a violation of section 3731* (relating to driving under influence of alcohol or controlled substance) *is requested to submit to chemical testing and refuses to do so,* the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing. (Emphasis added.)

The language of section 1547 relevant to the question before this court is whether the licensee *refuses* to *submit* to chemical testing when he fails to complete the breathalyzer test. Reading this language in isolation, it could be interpreted so that all that is required to submit to the test is to manifest an intention to take the test and to make an attempt to take the test. However, this court has long required more than mere verbal assent to take the test and has required that the licensee actually take and complete the test.

In *Department of Transportation, Bureau of Traffic Safety v. Medalis,* 24 Pa.Commonwealth Ct. 12, 354 A.2d 43 (1976), the licensee orally assented to take a breathalyzer test but then refused to supply the necessary breath sample for the test to be conducted. This court held that the

failure to provide a sufficient breath sample was tantamount to a refusal because the licensee did not actually take the test, in spite of his oral assent to the test.

Thereafter, this court expanded the interpretation of section 1547 to require that the licensee not only submit to or take the test but also that he complete the test. In *Department of Transportation, Bureau of Traffic Safety v. Jones*, 38 Pa.Commonwealth Ct. 400, 395 A.2d 592 (1978), the licensee submitted to the test by attempting to blow into the breathalyzer machine. The licensee supplied "healthy blasts" but was unable to supply a sufficient breath sample so that the breathalyzer test could be completed. The licensee testified that she attempted to blow into the machine in good faith. The trial court accepted that testimony and held that the licensee did not refuse to take the test simply because she was unable to complete the test. We reversed, holding that the licensee's testimony that she made a good faith effort to take the test did not excuse her failure to complete the test.

In *Department of Transportation v. Berta*, 120 Pa.Commonwealth Ct. 558, 549 A.2d 262 (1988), this court specifically repudiated the concept of a "good faith" excuse for failing to complete the breathalyzer test. In *Berta*, a licensee attempted to perform the breathalyzer test by blowing air into the machine but she did not blow a sufficient amount to cause a proper reading. DOT treated the failure to obtain a reading as a refusal. The licensee appealed to the trial court which concluded, based upon the licensee's demeanor, candor and frankness that the licensee had blown into the breathalyzer as hard as she could and thus, had not refused to take the test. This court held that, as a matter of law, a good faith attempt to supply sufficient breath to complete a breathalyzer test is insufficient to excuse a licensee's failure to complete the test.

The bedrock principal in *Berta* and *Jones* is that failure to complete a breathalyzer test constitutes a refusal. A trial court's finding that a licensee made a good faith attempt to complete the breathalyzer test is irrelevant to

the question of whether the licensee refused the test. Anything less than a completed breathalyzer test which registers a blood alcohol reading on the breathalyzer constitutes a refusal.

Applying the law to the facts of this case, it is clear that DOT met its burden. It must be noted that the licensee was fully able and did in fact complete the first breathalyzer test without any difficulty. The second effort was not completed. It must also be noted that the only argument put forth by the licensee in the instant appeal as an excuse is that he made a good faith effort. This court has reaffirmed as recently as *Berta* that it will not recognize a "good faith" effort as an excuse for noncompliance with 1547. Because the failure to supply a sufficient breath sample is a per se refusal, we reverse and reinstate the suspension.

## ORDER

AND NOW, June 18, 1991, the order of the Court of Common Pleas of Delaware County in the above-captioned case is reversed and the license suspension is reinstated.

McGINLEY, Judge, dissenting.

I respectfully dissent.

The majority identifies the pivotal issue in this case as whether a failure to provide an adequate breath sample constitutes a per se refusal, or whether a "good faith" effort satisfies the mandate of 75 Pa.C.S. § 1547. Majority Opinion at 934. In *Jones*, this Court held that the licensee's testimony that she made a good faith effort to take the test did not excuse her failure to complete a breathalyzer test. Further, the Court held that such self-serving testimony, standing alone, was insufficient as a matter of law, absent competent medical evidence, to show that the licensee was unable to take the test. *Jones*, 38 Pa. Commonwealth Ct. at 405, 592 A.2d at 594. Ten years later, in *Berta*, the licensee failed to blow a sufficient amount of air into the machine.

The court concluded there was no basis for distinguishing the facts in *Berta* from those in *Jones.* *Berta,* 120 Pa.Commonwealth Ct. at 563, 594 A.2d at 264. In *Berta,* one panel member concurred in the result and one panel member dissented on the basis that DOT did not establish that the arresting officer had reasonable grounds to believe that the licensee was driving while intoxicated.

On appeal we must not exceed our scope of review by invading the province of the fact finder. Our Supreme Court recently discussed the appellate courts' proper scope of review in *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). In *O'Connell,* the Court notes:

> When appellate courts review the decision of a court of common pleas in a license suspension case, the scope of review is limited to determining whether the findings of fact of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision.

> Questions of credibility and conflicts in the evidence presented are for the trial court to resolve, not our appellate courts.

> As long as sufficient evidence exists in the record which is adequate to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility. This rule of law is well established in our jurisprudence and is rooted in concepts of fairness, common sense and judicial economy.

*Id.,* 521 Pa. at 248, 555 A.2d at 875 (citations omitted).

In the matter *sub judice,* the trial court was persuaded by the testimony of the arresting officer that the licensee made a good faith effort to blow enough air to complete the test. This testimony cannot be considered self-serving and should remove the onerous burden of producing medical

evidence as required in *Jones.* It is within the exclusive province of the trial court to judge the weight and credibility of the officer's testimony.

Accordingly, I would affirm on the basis that the trial court's conclusion that there was no refusal is supported by substantial evidence.

PELLEGRINI, Judge, dissenting.

I dissent and would affirm the order of the trial court.

The facts are undisputed. Because of the haphazard manner in which he was operating his vehicle and his failure to pass a field sobriety test, the licensee was placed under arrest. After appropriate warnings, he was asked to take a breathalyzer exam. After giving one adequate sample, the licensee was unable, in five attempts, to provide an adequate breath sample so as to give a proper reading.

The police officer who administered the breathalyzer and the trial court found as a fact that the licensee "made a good faith effort to be retested in making five attempts to blow sufficient air into the breathalyzer." (Trial court opinion, p. 1). Because he attempted in good faith to perform the test but was unable to provide the samples, the trial court held that the Commonwealth failed to sustain its burden that the licensee had refused to take a breathalyzer.

The majority finds, as a matter of law, that even where all parties, including the police officer who conducts the breathalyzer, testified that the licensee made a good faith effort to provide sufficient breath samples, a licensee's mere inability to complete the test constitutes, *per se,* a "refusal to do so" within the meaning of Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547 (implied consent law). By enunciating a *per se* rule, the majority has read into that provision a result not intended by the General Assembly, has usurped the factfinding function of the trial court, and rendered an opinion that is at variance with our Supreme Court's pronouncements concerning how a determination is to be made of whether a licensee has refused to submit to chemical testing.

The keystone to the majority's holding that a licensee providing an inadequate breath sample is a *per se* refusal is its characterization that whether there is a refusal is a question of law rather than fact. By characterizing it as a question of law, only then is it possible for the majority to interpret, *albeit* incorrectly, "refusal to do so" as contained in Section 1547 of the Vehicle Code to mean "failure to complete the test." If it had found it to be a question of fact, the majority would be precluded from adopting a *per se* interpretation because it is an oxymoron to have a *per se* approach if it is a factual question to be determined by the trial court by weighing credibility of witnesses and the totality of circumstances surrounding the licensee's purported refusal. Because such a conclusion is not justified by our case law and is contrary to Supreme Court holdings which have held that refusal is a question of fact for the trial court to decide, I disagree that it is a question of law as to whether there is a refusal to submit to chemical testing. Even if it is a question of law, I disagree with the majority's interpretation of Section 1547.

With a few aberrations, we have consistently decided that whether there is a refusal to submit to chemical testing is a factual and not a legal question both under Section 1547 and Section 624.1(a),[1] which Section 1547 superseded in 1976. In *Commonwealth v. Miles,* 8 Pa.Commonwealth Ct. 544, 557, 304 A.2d 704, 708 (1973), interpreting Section 624.1(a), we found all questions regarding whether a person should lose his license under implied consent, including whether there is a refusal, were questions of fact by stating:

1. This section reads, *inter alia:*

   Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided ... If any person is placed under arrest and charged with operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and *refuses to do so,* the test shall not be given but the secretary may suspend his license or permit to operate a motor. vehicle or tractor with or without a hearing.... (Emphasis added.)

Therefore, we conclude that if, *in fact*, a person is (1) placed under arrest and (2) charged with the operation of a motor vehicle while under the influence of intoxicating liquor and (3) is requested to submit to a breathalyzer test and (4) refuses to do so, the Secretary may suspend that person's operator's license. It is not a question of the lawfulness of the arrest or the admissibility into evidence of the results of the test, but rather the refusal to submit to the test at a time when Section 624.1(a) is applicable. It is a factual determination not a legal determination. (Emphasis in original.)

We have consistently followed *Miles,* holding that the licensee's refusal to submit to chemical testing was a question of fact for the trial court under both the now repealed Section 624.1(a), as well as the substantially identical Section 1547 of the Vehicle Code. *See McMahon v. Commonwealth of Pennsylvania,* 39 Pa.Commonwealth Ct. 260, 264, 395 A.2d 318, 320 (1978) (refusal to submit to a breathalyzer is a factual test, not a legal determination); *Bureau of Traffic Safety v. Jones,* 38 Pa.Commonwealth Ct. 400, 403, 395 A.2d 592, 594 (1978) (refusal to submit to a breathalyzer test is a factual, not a legal determination); *Bureau of Traffic Safety v. D. Pedick,* 44 Pa.Commonwealth Ct. 44, 46, 403 A.2d 181, 182 (1979) (whether or not there has been a refusal of a request to take a breathalyzer test is a factual determination); *Bureau of Traffic Safety v. Dauer,* 52 Pa.Commonwealth Ct. 571, 574, 416 A.2d 113, 114 (1980) (refusal to submit to a breathalyzer is a factual, not a legal determination). We continued to restate the same principle in *Bailey v. Commonwealth, Bureau of Traffic Safety,* 60 Pa.Commonwealth Ct. 338, 431 A.2d 1114 (1981); *Phillips v. Commonwealth of Pennsylvania,* 84 Pa.Commonwealth Ct. 217, 220, 478 A.2d 958, 959 (1984); *Zubik v. Dept. of Transportation v. Bureau of Traffic Safety,* 93 Pa.Commonwealth Ct. 221, 226, 500 A.2d 1288, 1291 (1985); *Department of Transportation, Bureau of Traffic Safety v. Vebelacken,* 98 Pa.Commonwealth Ct. 436, 439, 511 A.2d 929, 931 (1986); *Dawkins v. Commonwealth, Department*

*of Transportation,* 111 Pa.Commonwealth Ct. 536, 539, 534 A.2d 573, 575 (1987); *Commonwealth of Pennsylvania v. Jones,* 120 Pa.Commonwealth Ct. 88, 90, 547 A.2d 877, 878, *appeal denied,* 522 Pa. 579, 559 A.2d 40 (1988).

Only two aberrant cases support the proposition that the refusal to submit to chemical testing is a question of law which we can decide. In *Commonwealth of Pennsylvania v. Bender,* 107 Pa.Commonwealth Ct. 475, 529 A.2d 44 (1988), it was stated:

> While the factual determination as to whether a motorist refused to submit to a breathalyzer is for the common pleas court, Budd Appeal, 65 Pa.Commonwealth Ct. 314, 442 A.2d 404 (1982), the issue of whether a motorist's conduct, as found by the common pleas court, constitutes an unqualified, unequivocal assent, is a question of law properly reviewable by this Court.

107 Pa.Commonwealth Ct. at 479, 529 A.2d at 45.

*Bender* was the sole authority for the statement by this court in *Fitzgerald v. Commonwealth of Pennsylvania,* 137 Pa.Commonwealth Ct. 359, 586 A.2d 483, 484 (1991), that "whether conduct as found by the trial court constitutes a refusal is a question of law." *Fitzgerald,* in turn, is the sole source cited in the majority opinion for that proposition. Lest anyone believe that because *Fitzgerald* is the last reported case that we announced a new rule, in *Commonwealth of Pennsylvania v. Gaertner,* 138 Pa.Commonwealth Ct. 423, 589 A.2d 272 (1991), we reverted to and again found that whether a person refused to take a breathalyzer test to be a question of fact.

Apart from their aberrancy and assuming that they ever had any validity, *Bender* and its progeny, *Fitzgerald,* no longer have any precedential value. *Bender* was reversed by our Supreme Court, 522 Pa. 104, 560 A.2d 123 (1989) by order which stated:

> PER CURIAM:
>
> Order of Commonwealth Court reversed and Order of Court of Common Pleas of Montgomery County reinstated. See *Department of Transportation, Bureau of*

*Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

In *O'Connell*, our Supreme Court, addressing, as here, the question of whether there was a refusal to submit to chemical testing, made clear that we are not to disturb the findings made by the trial court, and that whether there is a refusal is a question of fact, not of law, by holding:

Questions of credibility and conflicts in the evidence presented are for the trial court to resolve, not our appellate courts.

As long as sufficient evidence exists in the record which is adequate to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility. This rule of law is well established in our jurisprudence and is rooted in concepts of fairness, common sense and judicial economy.

Additionally, in license suspension cases under Section 1547(b) of the Vehicle Code, the Commonwealth must establish that the driver involved: (1) was arrested for driving while under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was specifically warned that a refusal would result in the revocation of his driver's license.

Once the Commonwealth met its burden, it is the driver's responsibility to prove that he was not capable of making a knowing and conscious refusal to take the test. *This is a factual determination which is to be made by the trial court.* [Citations omitted; emphasis added.]

521 Pa. at 248–49, 555 A.2d at 875–76.

The keystone then of the majority's opinion that it is a question of law and not of fact falls because it is derived from an aberrant case specifically reversed by our Supreme Court, which held that the finding that whether a licensee's refusal to submit to chemical testing is for a trial court to

make, and which we must affirm if that finding is supported by substantial evidence. Consequently, in this case, we are bound by the trial court's factual determination that the licensee did not refuse to take the test since its finding is supported by substantial evidence.

Even if this was a question of law, however, there is no support for the proposition that the General Assembly intended that Section 1547(b) to be a *per se* violation. When it enacted Section 1547(b), it knew that we had interpreted Section 624.1(a) of the Vehicle Code not as a *per se* violation, but one that was to be determined by the surrounding facts and circumstances as factual matters by the trial court. If the General Assembly intended to change that interpretation, it would have stated "failure to complete the test will cause a person's license to be suspended" and the General Assembly would not have readopted the same language as contained in Section 624.1(a). The General Assembly did not draft the legislation that way, and it is beyond our prerogative to set forth a requirement that the General Assembly did not provide nor intend.

For the reasons set forth in this opinion as well as in Judge McGinley's dissent, I would affirm the decision of the trial court.