**Stephen T. KEENAN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 1995.

Decided April 7, 1995.

Joseph P. Green, Jr., for appellant.

Marc A. Werlinsky, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In–Charge, for appellee.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Stephen T. Keenan (Licensee) appeals from the May 31, 1994 order of the Court of Common Pleas of Chester County which dismissed his appeal and reinstated the Department of Transportation, Bureau of Driver Licensing's (DOT) one-year suspension of his driving privilege pursuant to Section 1547 of the Vehicle Code, as amended, 75 Pa.C.S. § 1547, for refusal to submit to chemical testing.[1] The issue presented is whether DOT failed to prove that Licensee refused to consent to blood testing where Licensee responded to requests to submit to testing by asking questions and was not told that his actions would constitute a refusal.

On March 26, 1993, Licensee was arrested for driving under the influence of alcohol. He was taken to Paoli Memorial Hospital where Officer Rocket S. Will read the implied consent warning to Licensee and requested him to submit to a blood test. Officer Will testified that Licensee responded to requests to submit to a blood test with questions and statements concerning the effects of a conviction because he drives a tractor trailer for a living; and Licensee said he would not give blood because the results would show that he was drunk. Officer Will further testified that another officer walked into the hospital room and said "that's it, you've made your choice," Officer Will again requested Licensee to give blood and when Licensee refused, his conduct was deemed a refusal to submit to testing.

Licensee testified that he was requested to submit to a blood test at least three times and that he never refused to take the test but rather than responding affirmatively, questioned the officers about his commercial driver's license. The officers were unable to answer his questions. Licensee further testified that the officers never informed him that questioning the officers constituted a refusal

and he denied telling the officers he had been drinking.

■ The trial court found that the implied consent warning was provided to Licensee; Licensee was informed by the officer that he could not answer the questions but if Licensee did not agree to submit to the test, he would be written up as having refused to take the test; and Licensee did not assent to testing. In affirming the license suspension, the trial court concluded that where a licensee was given implied consent warnings and the misunderstanding does not appear to concern his constitutional rights to counsel, DOT's suspension of the licensee's driving privilege should be affirmed, citing McNulty v. Department of Transportation, Bureau of Driver Licensing, 157 Pa.Commonwealth Ct. 260, 629 A.2d 278 (1993).[2]

Licensee concedes that anything short of an unqualified assent to testing can constitute a refusal but contends that this rule does not apply where confusion and good faith questioning excuse the failure to provide an unequivocal assent. He additionally contends that suspension of his right to drive his commercial vehicle and to earn a living is wrong as a matter of law and fundamental justice.

■ Contrary to Licensee's contentions, to sustain a license suspension pursuant to Section 1547 DOT need only prove that Licensee: (1) was arrested for driving under the influence; (2) was requested to submit to chemical testing; (3) was informed that a refusal to undergo testing would result in a suspension of his operating privileges; and (4) refused to submit to the test. Department of Transportation, Bureau of Traffic Safety v. O'Connell, 521 Pa. 242, 555 A.2d 873 (1989); Department of Transportation, Bureau of Driver Licensing v. Kilrain, 140

---

1. Section 1547 provides in pertinent part:

   **(b) Suspension for refusal.—**
   (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the oper-

ating privilege of the person for a period of 12 months.

2. This Court's scope of review in a driver's license suspension case is limited to determining whether the findings of fact of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. O'Connell.

Pa.Commonwealth Ct. 484, 593 A.2d 932, *appeal denied,* 529 Pa. 625, 600 A.2d 541 (1991). Thereafter, the burden shifts to the licensee to prove an incapacity to make a knowing and conscious refusal to take the test. *Department of Transportation, Bureau of Driver Licensing v. Ingram,* 538 Pa. 236, 648 A.2d 285 (1994). Whether conduct as found by the trial court constitutes a refusal is a question of law and subject to this Court's review. *Kilrain.*

The parties do not dispute that DOT established the first three criteria set forth in *Kilrain.* Licensee relies upon *McNulty* to support his argument that confusion concerning something other than *Miranda* rights can negate the effects of a refusal to submit to testing. In *McNulty,* this Court held that the licensee's request to read Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731, does not evince the type of confusion which would negate his refusal to submit to chemical testing: this Court noted that its opinion was not intended to forever foreclose the possibility of a licensee successfully arguing this issue.

■ Similarly, Licensee's questions concerning the effects of the chemical tests on his commercial driver's license do not evince the type of confusion which would negate a refusal to submit to chemical testing. This Court has specifically recognized that equivocating and continued questioning of the need for a chemical test falls short of an unqualified, unequivocal consent, *Flickinger v. Department of Transportation,* 119 Pa.Commonwealth Ct. 315, 547 A.2d 476 (1988); and a licensee's failure to arrive at a decision in response to an officer's request to submit to testing constitutes a refusal. *Kilcullen Appeal,* 103 Pa.Commonwealth Ct. 521, 520 A.2d 947 (1987).

Moreover, police officers are not required to explain every conceivable point which may confuse a licensee when requesting licensee

to consent to a blood test. *McNulty.* To the contrary, Section 1547(b)(2) only requires an officer to tell the motorist that his or her operating privilege will be suspended upon refusal to submit to chemical testing, and anything "less than an unqualified, unequivocal assent" constitutes a refusal under Section 1547. *Department of Transportation, Bureau of Traffic Safety v. Mumma,* 79 Pa.Commonwealth Ct. 108, 111, 468 A.2d 891, 892 (1983). Licensee in the case sub judice presented no authority which supports the position that his confusion negates his refusal nor did he present any evidence to prove an incapacity to make a knowing and conscious refusal.[3] Finding no error by the trial court, its order is affirmed.

*ORDER*

AND NOW, this 7th day of April, 1995, the order of the Court of Common Pleas of Chester County is affirmed.

---

**3.** Licensee also relies on *Conrad v. Department of Transportation,* 142 Pa.Commonwealth Ct. 642, 598 A.2d 336 (1991), to support his argument that there are limits to the unequivocal assent rule where police fail to give a licensee a meaningful opportunity to satisfy the requirements of Section 1547. In *Conrad,* this Court held that a license could not be suspended under Section 1547 where the licensee stated that he would

take the blood test but refused to sign a hospital form. Nevertheless, the holding in *Conrad* no longer has any precedential value as this Court has subsequently held that refusal to sign a hospital form constituted a refusal as a matter of law. *See Smith v. Department of Transportation, Bureau of Driver Licensing,* —— Pa.Commonwealth Ct., ——, 655 A.2d 232 (1995) (en banc) (expressly overruling *Conrad* ).