IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanae Hodge,                                   :
                                                :
                              Appellant          :
                                                :
               v.                                :  No. 61 C.D. 2019
                                                :  Submitted: June 28, 2019
Commonwealth of Pennsylvania,                    :
Department of Transportation,                    :
Bureau of Driver Licensing                       :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED:  December 9, 2019


               Shanae Hodge (Licensee) appeals from the order of the Fayette County

Court of Common Pleas (trial court) dismissing her appeal from a one-year

suspension of her operating privilege imposed by the Department of Transportation,

Bureau of Driver Licensing (Department), pursuant to Section 1547(b)(1)(i) of the

Vehicle Code,[1] based on her refusal to submit to a blood test in connection with her

---

[1] 75 Pa. C.S. §1547(b)(1)(i), commonly known as the Implied Consent Law.  It states:

> If any person placed under arrest for a violation of [Section 3802 of
> the Vehicle Code, 75 Pa. C.S. §3802] is requested to submit to
> chemical testing and refuses to do so, the testing shall not be
> conducted but upon notice by the police officer, the department shall
> suspend the operating privilege of the person . . . for a period of 12
> months.

75 Pa. C.S. §1547(b)(1)(i).

arrest for violating Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802 (relating to driving under the influence (DUI) of alcohol or controlled substance). We affirm.

By notice mailed April 13, 2018, the Department informed Licensee that her operating privilege would be suspended for one year pursuant to Section 1547(b)(1)(i) of the Vehicle Code based on her refusal to submit to a blood test on March 23, 2018. Reproduced Record (R.R.) at 3-6. Licensee appealed, asserting that her conduct did not constitute a refusal as a matter of law. R.R. at 1-2.

The trial court held a *de novo* hearing. By stipulation of the parties, the Department submitted a motor vehicle recording (MVR) that was generated at the scene of the traffic stop[2] and a copy of the Department's DL-26B form, which reflected that Licensee had refused to sign it. Commonwealth Ex. 2, R.R. at 15. The parties agreed that all facts relevant to the issues raised on appeal appear on the MVR and that no witness testimony would be offered. R.R. at 7.

The trial court heard oral argument. Licensee acknowledged that: Trooper Marc Chieffallo had reasonable grounds for the traffic stop; he asked her to submit to a blood test; she refused; Trooper Chieffallo read the implied consent warnings contained in the DL-26B form to her; and she refused to sign the form. R.R. at 9-11. However, Licensee argued that she was not requested to submit to a blood test *after* she was made aware of the consequences. She also asserted that refusing to sign the form was not equivalent to refusing a blood test. R.R. at 10, 14.

In response, the Department maintained that by reading the implied consent warnings from the Department's DL-26B form to Licensee, Trooper Chieffallo both requested that she submit to the blood test and provided a legally adequate warning of the consequences of a refusal. The Department noted that

---

[2] Record Item No. 1.

Licensee offered no evidence that she was physically incapable of taking the test or that her refusal was not knowing and conscious.

After review of the parties' stipulation and the evidence presented, the trial court dismissed Licensee's appeal. The trial court found that Licensee was asked to submit to a chemical test, refused, and was informed of the consequences of a refusal. Concluding that Licensee's argument was without merit, the trial court dismissed her appeal and reinstated the Department's suspension of her operating privilege.

On appeal to this Court,[3] Licensee argues that the trial court erred in holding that she refused a request to submit to a blood test.

To support the suspension of a licensee's operating privilege under Section 1547(b)(1)(i), the Department has the burden of proving that (1) the licensee was arrested for DUI by a police officer who had reasonable grounds to believe that she was operating or was in actual physical control of the movement of a vehicle while under the influence of alcohol in violation of Section 3802; (2) the licensee was asked to submit to a chemical test of her blood; (3) she refused to do so; and (4) the licensee was specifically warned that a refusal would result in the suspension of her operating privilege. *Martinovic v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005). Once the Department meets its burden, the burden shifts to the licensee, who may avoid the mandatory license suspension by proving that (1) she was physically incapable of completing the

---

[3] Our scope of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Marino v. Department of Transportation, Bureau of Driver Licensing*, 703 A.2d 1066, 1067 n.2 (Pa. Cmwlth. 1997). Our review over questions of law is plenary. *Deliman v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 388, 389 n.1 (Pa. Cmwlth. 1998).

requested testing; or (2) her refusal was not knowing and voluntary. *Id.* Whether a licensee's conduct constitutes a refusal to submit to chemical testing is a question of law. *Nardone v. Department of Transportation, Bureau of Driver Licensing,* 130 A.3d 738, 748 (Pa. 2015); *Department of Transportation, Bureau of Driver Licensing v. Kilrain*, 593 A.2d 932 (Pa. Cmwlth. 1991).

The DL-26B form (Section 1547 – Blood Testing Warnings) read to Licensee includes these directives:

> NOTE TO OFFICER:  Please read *all* of these warnings *in their entirety* to the operator even if the operator is not listening, is talking over you or is otherwise disruptive. An officer's duty to read these warnings is excused only in rare instances where the operator's actions make reading this form impossible.  You must still give the operator an opportunity to take the blood test after you finish reading these warnings to the operator.  The refusal of the operator to sign this form is not a refusal to submit to the blood test.

R.R. at 15 (emphasis in original).

> The form provides the implied consent warnings as follows:
>
> 1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.
>
> 2. *I am requesting that you submit to a chemical test of blood.*
>
> 3. *If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months.*  If you previously refused a chemical test or were previously convicted of driving under the influence, your operating privilege will be suspended for up to 18 months.  If your operating privilege is suspended for refusing chemical testing, you will have to pay a restoration fee of up to $2,000 in order to have your operating privilege restored.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

I certify that I have read the above warnings to the operator regarding the suspension of his/her operating privilege and gave the operator an opportunity to submit to blood test. [Signature of officer].

R.R. at 15 (emphasis added). The form includes an affidavit, signed by Trooper Chieffallo, stating in part that, "[t]he above operator refused to submit to a blood test after having been read the above warnings." *Id.*

Licensee maintains that the language of the DL-26B form, the warnings contained within the form, and the language of the arresting officer's affidavit contemplate *future* action on the part of the arrested licensee and the opportunity to refuse a request made *after* the warnings were provided. In support, Licensee cites the following language from our Supreme Court's decision in *Commonwealth v. Myers*, 164 A.3d 1162 (Pa. 2017):

In very certain terms, this Court has held that, in requesting a chemical test, the police officer must inform the arrestee of the consequences of a refusal and notify the arrestee that there is no right to consult with an attorney before making a decision. *See* [*Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 877-78 (Pa. 1989)]. "An arrestee is entitled to this information so that his choice to take a [chemical] test can be knowing and conscious." *Id.* at 878. The choice belongs to the arrestee, not the police officer.

*Myers*, 164 A.3d at 1171.

In *Myers*, the Supreme Court held that Section 1547 of the Vehicle Code did not authorize a warrantless blood draw on a defendant who was rendered

5

pharmacologically unconscious by medical personnel prior to the time a police officer read him the implied consent warnings. It was undisputed that the defendant licensee was unconscious and could not hear the police officer read the implied consent warning. Consequently, there was no question that the defendant was not provided with the opportunity to make a knowing and conscious choice to refuse testing. Indeed, the issues before the court involved whether the right to make a conscious refusal applies to an unconscious arrestee. The facts, the issues, and the analysis in *Myers* are plainly distinguishable and lend no support to Licensee's claims.

Licensee also argues that our decision in *Yoon v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 386, 387-88 (Pa. Cmwlth. 1998), requires reversal in this matter. In *Yoon*, the police officer provided the licensee with a DL-26 form and asked him to read it. The officer testified that the licensee read the form to himself and the police officer noted as much on the form. We rejected the Department's argument that the procedure employed by the police officer adequately informed the licensee of the consequences of a refusal. In doing so, we stated that the Department's assertion was belied by the Department's own DL-26 form, which included a certification that the officer had read the warning to the licensee. 718 A.2d at 388. Contrary to Licensee's contention, the same scenario is not presented in this case.

We conclude that neither case law nor the plain language of the text supports Licensee's assertion that the second warning on the DL-26B form, "I am requesting that you submit to a chemical test of blood," does not constitute a request to submit to a blood test. R.R. at 15.

6

Licensee is correct that a refusal to sign the consent form does not, itself, constitute a refusal to take the chemical test. *Commonwealth v. Renwick*, 669 A.2d 934, 939 (Pa. 1996). Nevertheless, our courts "have long and consistently held that anything less than an *unqualified, unequivocal assent* to submit to chemical testing constitutes a refusal to consent thereto." *Factor v. Department of Transportation, Bureau of Driver Licensing*, 199 A.3d 492, 497 (Pa. Cmwlth. 2018) (emphasis added); s*ee also Renwick*, 669 A.2d at 939. Notably, Licensee does not contend that the trial court disregarded any evidence demonstrating a willingness to submit to a blood test after the implied consent warnings were read from the DL-26B form.

Because Licensee stipulated that (1) she was arrested for DUI by a police officer who had reasonable grounds to believe that she was driving while under the influence of alcohol; (2) she was asked to submit to a chemical test of her blood; (3) she refused to do so; and (4) she was specifically warned that a refusal would result in the suspension of her operating privilege, and, further, having rejected Licensee's contention that she did not receive adequate warning prior to her refusal, we conclude that the trial court correctly denied Licensee's appeal.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanae Hodge,                          :
                                       :
                        Appellant      :
                                       :
            v.                         : No. 61 C.D. 2019
                                       :
Commonwealth of Pennsylvania,          :
Department of Transportation,          :
Bureau of Driver Licensing             :


O R D E R


        AND NOW, this 9th day of December, 2019, the order of the Court of
Common Pleas of Fayette County, dated December 19, 2018, is AFFIRMED.


                                    _____
                                    MICHAEL H. WOJCIK, Judge